BALTIMORE COUNTY, MD., ET AL. *v.* SECURITY MORTGAGE CORPORATION ET AL.

[No. 86, September Term, 1961.]

*Decided December 15, 1961.*

The cause was argued before BRUNE, C. J., and HENDERSON, PRESCOTT, HORNEY, and MARBURY, J. J.

*Walter R. Haile* and *Thomas L. Hennessey,* with whom was *Johnson Bowie* on the brief, for appellants.

*Francis D. Murnaghan, Jr.,* with whom were *Luke Marbury* and *Venable, Baetjer & Howard* on the brief, for appellees.

MARBURY, J., delivered the opinion of the Court.

This is a suit instituted by the Security Mortgage Corporation and Ace Construction Company (developers, plaintiffs below, and appellees), for declaratory judgment and injunctive relief against Baltimore County, Maryland, the Planning Board of Baltimore County, the Director of Planning and Zoning, the County Health Officer, the Director of Public Works of Baltimore County, the Joint Subdivision Planning Committee of Baltimore County, and the Roads Engineer of Baltimore County, seeking an adjudication that the county was not justified in refusing approval necessary to permit recordation of Plats 3 and 4, Section 2 of the subdivision known as Glenmont, in Baltimore County, because of appellees' unwillingness to agree to pay, at an undetermined future date, one-half of whatever it would ultimately cost to build a bridge or culvert in a road to be constructed on the land of others entirely beyond the subdivision boundary.

After a full hearing the chancellor determined that the requirement was an improper one for Baltimore County to make. The present appeal is from the decree making a declaration to that effect and enjoining the appropriate county officials from continuing to refuse approval of appellees' plats on that ground.

The facts briefly stated are as follows:

The appellees, planning to develop for residential purposes a tract of land containing 70.27 acres, to be known as Glenmont, submitted a preliminary plan to the planning board indicating that the streets of the development would connect with Glendale Road on the south, but would have no adequate outlet to the north of the development. To rectify this situation the officials of Baltimore County suggested in a comment letter of October 7, 1957, that the developers amend the preliminary plan so as to provide a northern entrance to the development, that is, an entrance from the street system in the development to the north thereof. The developers acquiesced in the suggestion put forth by the appropriate county officials and so amended the preliminary plan to provide a northern entrance to the development, which shows a street approximately 145 feet in length and 90 feet in width, partly

inside and partly outside the boundaries of the subdivision, which is designated as "Emanon (which is 'No name' spelled backwards) Street". The County deemed it necessary to build a bridge or culvert because of an existing ravine on the Hahn property adjoining that of the developers to the east, over which the County planned an extension of Emanon Street to connect with a proposed extension of Goucher Boulevard.

In the letter of October 7, 1957, there also appears a statement that "the cost of the culvert or bridge structure in Emanon Street shall be half developer and half County cost."

Appellees contend that they never acquiesced in the aforesaid requirement of the letter of October 7, 1957. In this they are supported by the provision in the public works agreement for Section 2 of Glenmont, which states, with respect to Emanon Street, that it is to be constructed for a length of 135 feet, from Queens Ferry Road to the northeast outline of the subdivision, but does not provide for construction of a bridge or culvert in Emanon Street. The form of the agreement promulgated by the County sets out several categories of improvements, including bridges, with blank spaces for checking the nature of the actual items covered by each specific agreement. While the agreement contains checks opposite "water mains", "water services", "sanitary sewer mains", "sanitary sewer connections", "storm drains", and "streets or roads", there is none opposite "bridges".

An official of appellees testified that following receipt of the comments of October 7, 1957, in a discussion with the Director of Public Works, Mr. John B. Funk, and the Chief of the Bureau of Engineering, Mr. David H. Fisher, he objected to requirements which the County was seeking to impose on the developers for extension of Emanon Street beyond the subdivision. Those two County officials agreed not to persist in the demands, inasmuch as the County did not know when Goucher Boulevard would be built. Although a County official who testified at the hearing did not know of the abandonment of the demands, the County did not call Mr. Funk or Mr. Fisher as witnesses, or otherwise refute the testimony of the appellees' official.

The developers proceeded to develop the southern portions

of the tract by recording plats, entering into public works agreements, and by constructing and selling houses.

When the developers desired to build in the northern section of their tract of land, plats 3 and 4, in issue here, were submitted to the County and the County set forth its comments with respect thereto in a comment letter of September 8, 1959, which included the following requirement before the plat could be recorded:

"A P.W.A. is signed concerning developers responsibility of sharing one-half cost of bridge or culvert in Emanon Street."

Appellees complied with all other comments set forth in the letter of September 8, 1959, but refused to comply with the requirement concerning contribution to the cost of the bridge or culvert, whereupon the County declined to approve the plats, and because of its refusal this action was brought.

The chancellor below was of the opinion that the condition imposed by the County was illegal. We agree.

In the lower court the appellants also contended that they were justified in refusing approval of the plats because of appellees' unwillingness to enter an undertaking to acquire at their expense a right of way over the Hahn property to the east for the extension of Emanon Street beyond the appellees' property, and in which the bridge or culvert would be located. The ruling of the chancellor on this point was also adverse to the appellants, but they have apparently abandoned the point on appeal.

In the instant case a search of the Baltimore County Code for regulations passed by the County discloses no authority, either expressed or implied, granting the County the power to require a developer to comply with any such requirement as we have here. Nor has our attention been called to any other statutory authority, whether in the form of a public general or public local law, which purports to grant such power to the County. Section 44-17 of the Baltimore County Code (1958), a subdivision regulation provides:

"The street layout of a subdivision shall make such provision for access to adjoining and subdivided land as may be specified by the planning board."

We do not think this section can be construed to require a subdivider to defray the cost and expense of providing public facilities located outside of his own subdivision. The record discloses that the plan for the delineation of Emanon Street as shown on the proposed plat had its inception with the appropriate officials of Baltimore County and that it was at their insistence that it was included in the development plan. The appellees had no further obligation when they provided in their plan of Glenmont for Emanon Street as suggested by the Baltimore County officials. A municipality in the absence of an enforceable contract or statutory authority cannot, as a prerequisite to approval of a subdivision plat, require a developer or owner to defray the cost and expense of land improvements which lie beyond the owner or developer's property and are located on land owned by others. Cf. *County Council v. Lee,* 219 Md. 209, 148 A. 2d 568.

In view of what we have said above we do not deem it necessary to consider the other questions suggested by the appellants.

*Decree affirmed, with costs.*