GERCZAK ET AL. *v.* TODD ET AL.

[No. 60, September Term, 1963.]

*Decided November 12, 1963.*

The cause was argued before HENDERSON, HAMMOND, HOR-NEY, MARBURY and SYBERT, JJ.

*W. Lee Harrison,* with whom were *Smith & Harrison* on the brief, for appellants.

*John J. Brennan,* with whom was *John N. Maguire* on the brief, for appellees.

HENDERSON, J., delivered the opinion of the Court.

This appeal in a zoning case from Baltimore County in-

volves a special exception for a mobile homes park in an M-L zone. The Board of Appeals granted the exception, and on appeal the case was remanded for the taking of additional testimony. A second appeal resulted in an affirmance of the Board's action.

We find it unnecessary to review the record in detail, or to discuss the contention of the appellants that the zoning authorities have no power to grant a special exception for a trailer park in an M-L zone. The key issue, as both sides agree, is whether there was a sufficient showing of ready access to the proposed development. It seems to be conceded that the only practicable means of ingress and egress, except by recourse to a network of narrow, winding and inadequate roads in an old development to the north, is by way of Patapsco Avenue in the vicinity of the main line of the Pennsylvania Railroad. After crossing the railroad at grade, a left turn leads into an existing dirt road known as Philadelphia Avenue, parallel to the tracks, into the proposed nine acre development. The developer testified he proposed to widen and pave Philadelphia Avenue, shown on the plats as a paper street. This street had never been dedicated to or accepted by the County; indeed, the appellants argue that under sec. 28-16 of the County Code (1962 Supp.) the County lacks the power to accept a road under 40 feet in width. See *Chapman v. Rogan,* 222 Md. 12, 17. The Board granted the special exception "based on the provision that Philadelphia Avenue be widened [to 30 feet]. As to how the road is widened, by whom, or any other problems attending to the widening of the road, the Board does not feel that it is necessary that these facts be known to them." We disagree.

Before a special exception may be granted in Baltimore County, it is necessary that the Board find that the proposed development, among other things, will not create congestion in the roads, streets or alleys. The burden of proof is upon the petitioner. The record shows that both sides of Philadelphia Avenue, from Patapsco Avenue to the property in question, are owned by the Pennsylvania Railroad. Mr. Hipple, local supervisor of real estate for that company, testified that the Railroad had no present objection to the maintenance or use by others of Philadelphia Avenue, but he also testified that any

conveyance of title or interest would have to be approved by the Board in Philadelphia. He further testified that the Railroad was "supposed to use that thirty-foot strip [Philadelphia Avenue] for this additional tract, extension of Bayview Yard northward. It is still on the books. It may come about someday. They bought additional property for the relocation of this thirty-foot road."

The most that we can make of this testimony is that the Railroad Company, insofar as it could be bound by the statement of a local supervisor, was willing to grant a revocable license to the petitioner. Clearly, there was no showing that the petitioner had title, or even a claim of title, to the bed of Philadelphia Avenue, and no showing of the grant of an easement to anyone. Philadelphia Avenue was obviously not a public road. Presumably, the title was in the Railroad Company. There was no evidence of public use of what was obviously a *cul de sac*. There was not even a showing of any reasonable expectation, far less a commitment by the petitioners to obtain title or a permanent easement in the future. The undisputed evidence is that the Railroad Company intended ultimately to close Philadelphia Avenue and relocate it at an undisclosed location.

On this state of the record we think the Board was clearly in error in granting the special exception. The Board stated at one point that it agreed with counsel for the protestants that it "could not grant the special exception upon condition that the petitioner pave and widen Philadelphia Avenue", but went on to say that it had a legal right to grant the petition "based on the provision that Philadelphia Avenue be widened * * *." We think this is a distinction without a difference. There was no showing that anyone other than the petitioner had any intention of widening the road, and to grant the petition contingent upon the road being widened by some undisclosed person would be even more objectionable than to grant it contingent upon action by the petitioner.

We have held that zoning authorities may not require a developer to defray the cost of public improvements beyond the boundaries of his own property, *Balto. Co. v. Security Mtge.,* 227 Md. 234, 239. This does not mean that the developer may

not validly contract to do so. But the duty of the Board, to make certain that adequate access is provided, is not satisfied by a vague showing of permissive use or indefinite future expectation. Cf. *Furnace Branch Land Co. v. Board of County Commissioners of Anne Arundel County*, 232 Md. 536, and *Bonhage v. Cruse*, 233 Md. 10.

> *Order reversed and case remanded for the passage of an order reversing the Board of Appeals and denying the petition for special exception, costs to be paid by the appellees.*