BOARD OF COUNTY COMMISSIONERS FOR PRINCE GEORGE'S COUNTY *v.* ZIEGLER et al.

[No. 394, September Term, 1965.]

*Decided October 21, 1966.*

The cause was argued before HAMMOND, C. J., and HORNEY, OPPENHEIMER, BARNES and McWILLIAMS, JJ.

*James J. Lombardi,* with whom were *Lionell M. Lockhart, Harry L. Durity, Joseph S. Casula, L. David Ritter, Jr.,* and *Frank M. Kratovil* on the brief, for the appellant.

*Blair H. Smith,* with whom was *Heiskell R. Gray* on the brief, for the appellees.

HORNEY, J., delivered the opinion of the Court.

This zoning case, wherein the special exception sought by the applicants to erect an automobile service station within a shopping center was denied by the district council but was permitted by the circuit court, must be remanded for further proceedings because we are unable to decide the questions posed on the record presented.

The Board of County Commissioners of Prince George's County, acting as the district council for the Maryland-Washington Regional District of the county, is the appellant. The applicants, Richard T. Ziegler and Hanson Buchner, the owners and developers of the 9.5 acre shopping center located on Fort Washington Road immediately west of Indian Head Highway, are the appellees. The tract was reclassified as a C-2 (General Commercial) Zone in August of 1964. In addition to the stores and shops usually erected in a neighborhood shopping center, the proposed service station, if permitted, will be located in the northwest corner of the shopping center.

The source of the power and authority of the district council with regard to special exceptions is twofold. In general, § 59-89 of the Code of Public Local Laws of Prince George's County (Everstine Edition 1963) states that:

"A District Council in its zoning regulations may provide that the board of zoning appeals or the district council * * * in appropriate cases and subject to appropriate principles, standards, rules, conditions, and safeguards set forth in the regulations, may make special exceptions to the provisions of the zoning regulations in harmony with their general purposes and intent."

Specifically, § 28.2 of the "General Provisions" of the county zoning ordinance provides that:

"A special exception may be granted when the Council finds that:
a. The proposed use is in harmony with the purpose and intent of the general plan for the physical development of the District as embodied in this ordinance and in any master plan or portion thereof adopted or proposed as part of said general plan.
b. The proposed use will not [a]ffect adversely the health and safety of residents or workers in the area and will not be detrimental to the use and/or development of adjacent properties or the general neighborhood."

Section 28.3 of the "Specific Provisions" further provides that:

"A special exception may be granted in accordance with the specific provisions herein enumerated, in connection with a use for which such an exception is required. The Council may and is hereby empowered to add to the specific provisions any others that it may deem necessary to protect adjacent properties, the general neighborhood, and the residents and/or the workers therein."

And subsection b of § 28.320 entitled "Auto Repair and Service Station" provides that:

"An automobile repair and service station may be granted in the appropriate zone, if, the location of driveways and/or access and egress points will not endanger pedestrians or create traffic congestion or hazards."

The questions presented by the appeal relate to the capacity of the district council to create "additional provisions" to be met by an applicant, the propriety of denying a special exception solely because the applicant had not shown a need therefor, and the propriety (based on the record) of disapproving

the use of the proposed site for a gasoline service station. But, as above indicated, the record of the evidence and the proceedings, particularly the latter, are so indefinite as to preclude a decision by this Court of the questions presented. No one appeared to oppose the granting of the application, and other than a letter opposing the special exception because the area had a low density and there were already too many gasoline stations, there was no evidence against the granting of the exception. On the other hand, witnesses for the applicants stated that the location of the station was proper, that it would not depreciate adjacent properties, that the site was chosen because other filling stations in the area did not provide adequate service and that the erection of the service station would not create a traffic hazard. But, except as to the absence of traffic hazards, there was no evidence one way or the other as to whether the proposed use would adversely or detrimentally affect the health and safety of residents and workers in the area or the use and development of adjacent properties or the general neighborhood. Nor was it shown whether or not the district council had ever created additional provisions (pursuant to § 28.3, *supra*) to protect the property and personal rights of those who reside or work in the general neighborhood. It may be, as the district council asserts in its brief, that it denied the application for a special exception because there was no need for additional filling stations in the area and because more stations were undesirable, but so far as the record shows the district council did not state the findings of fact on which its decision was based. Nor did it state the reasons for its action in the letter (in the nature of an order) disapproving the application. In addition to this, since the circuit court reversed the district council on the sole ground that the erection of the service station would not create a traffic hazard, it may be that the decision of the lower court was based on the wrong premise.

There are several reasons for requiring a more comprehensive record of what transpired in this case at the hearing before the district council. Aside from the rule that a zoning authority, in the absence of evidence to support its action, cannot apply its expertise in granting or refusing a zoning change or exception, cf. *Lutherville Community Association v. Wingard,*

239 Md. 163, 210 A. 2d 534 (1965), it is clear that without a record of the facts on which the zoning authority acted or a statement of the reasons for its action, the reviewing court could not properly perform the duty it had of determining whether the action of the zoning authority was arbitrary or capricious. *Heath v. M. & C. C. of Baltimore,* 187 Md. 296, 49 A. 2d 799 (1946); *Oursler v. Board of Zoning Appeals,* 204 Md. 397, 104 A. 2d 568 (1954); *Temmink v. Board of Zoning Appeals,* 205 Md. 489, 109 A. 2d 85 (1954); *Hedin v. Board of County Commissioners,* 209 Md. 224, 120 A. 2d 663 (1956). The rule is as applicable to a special exception as it is to a reclassification. See *Heath v. M. & C. C. of Baltimore, supra.*

Where, as seems to be the case here, the decision of the zoning authority is apparently contrary to the weight of the evidence introduced on behalf of the applicants for the special exception, the zoning authority should have stated the reasons for its action and included them in the record. When this is not done, the record should be remanded for the purpose of having the deficiency supplied.

This case must therefore be remanded.

> *Case remanded, without affirmance or reversal, for remand by the Circuit Court to the District Council for the introduction of additional evidence or otherwise; appellant to pay the costs of this appeal.*