BOARD OF COUNTY COMMISSIONERS FOR
PRINCE GEORGE'S COUNTY *v.*
LURIA, ET AL.

[No. 99, September Term, 1967.]

*Decided February 13, 1968.*

The cause was argued before HORNEY, MARBURY, BARNES,
FINAN and SINGLEY, JJ.

*James J. Lombardi,* with whom were *Lionell M. Lockhart,
Harry L. Durity, Martin Hertz, James F. Sharkey, David G.
Ross, Albert J. Lochte,* and *Barry S. Cramp* on the brief, for
appellant.

*Thomas R. Brooks,* with whom were *Machen & Brooks* on
the brief for appellees.

SINGLEY, J., delivered the opinion of the Court.

This appeal brings before us for review an action of the Board of County Commissioners for Prince George's County, Maryland, sitting as the District Council, which was reversed on appeal by the Circuit Court for Prince George's County.

Under the Prince George's County Zoning Ordinance, the District Council reserved to itself as permitted by ch. 780, § 83 of the Laws of Maryland (1959)[1] the power to grant special exceptions and set out in the ordinance the manner in which a special exception may be granted.[2]

Luria and others (Luria), the appellees here, owned a triangular lot at the intersection of Annapolis Road and Old Annapolis Road in Bladensburg, Maryland, which was zoned C-2 (general commercial). On 21 September 1965 Luria filed with the District Council an application for a special exception in order that the lot could be used as a site for an automobile filling station. Testimony was taken before the District Council on 17 December 1965. On 6 April 1966, the District Council unanimously disapproved the application. Luria filed an Order for Appeal and a Petition for Review in the Circuit Court for Prince George's County; a hearing was held on 15 August 1966; on 27 October 1966, the court remanded the case to the Council for findings of fact; on 30 November 1966, the Council again

---

1. "A District Council in its zoning regulations may provide that the Board of Zoning Appeals or the District Council * * * in appropriate cases and subject to appropriate principles, standards, rules, conditions, and safeguards set forth in the regulations, may make special exceptions to the provisions of the zoning regulations in harmony with their general purposes and intent."

2. Zoning ordinance, Prince George's County, Section 28.2, General Provisions:

"A special exception may be granted when the Council finds that:

(a) The proposed use is in harmony with the purpose and intent of the General Plan for the physical development of the District as embodied in this Ordinance and in any Master Plan or portion thereof adopted or proposed as part of said General Plan.

(b) The proposed use will not affect adversely the health and safety of residents or workers in the area and will not be detrimental to the use and/or development of adjacent properties or the general neighborhood."

denied the special exception; and on 28 March 1967, the court reversed the action of the Council. From the court's order, this appeal was taken.

We are of the opinion that the Council was correct, and that its denial of the requested exception should have been affirmed by the court below. The county ordinance set out in footnote 2 makes its abundantly clear that the requisites for the granting of a special exception are a finding that the proposed use is in harmony with the general plan *and* a finding that the proposed use will not have an adverse effect on health and safety nor be detrimental to adjacent properties or the general neighborhood. It is our view that such findings must be based on testimony, and that the applicant assumes the burden of adducing such testimony, even in a prima facie case. *Oursler v. Board of Zoning Appeals*, 204 Md. 397, 402, 104 A. 2d 568 (1954); *Montgomery County v. Merlands Club*, 202 Md. 279, 290, 96 A. 2d 261 (1953). *See* Carson, *Reclassification, Variances and Special Exceptions in Maryland*, 21 Md. L. Rev. 306, 317 (1961). In the case before us, the applicant did not meet this burden.

J. Randall Walcroft, a realtor with 21 years' experience, called as a witness for the applicant, was asked the question:

"In your opinion, would the location of a filling station at this site have any adverse effect on neighboring properties, in the general neighborhood?"

Walcroft answered:

"No, as a matter of fact, I own property within possibly two hundred feet or less and I do not feel that this would exert a detrimental interest on any property that I own. This property is commercial and because of its shape it is very difficult to develop it for any commercial use such as stores.

"As you know, the County requires a minimum of 3 to 1 parking. In this particular tract that would be almost impossible.

"Of course, it is certainly not suitable for residential. It is surrounded by commercial. On Route 450, which is at that point a four-lane arterial road, behind

4

it is commercial and I cannot imagine what other use it could be put to.

\* \* \*

"Yes, you could not even use all commercial uses there. You could not get the ratio of parking that would be necessary for a retail store. The shape and area would be against it."

In support of the contention of compatibility, Walcroft's testimony was as follows:

"Q. Are you familiar with the zoning plan for this area?

"A. Yes, somewhat.

"Q. In this case, would this use be in harmony with the general purpose and intent of the plan?

"A. Yes."

This is the sum of the testimony which the applicant, at the conclusion of the hearing before the Council, characterized as follows:

"This is an application for a special exception for a gasoline filling station. The only evidence before you shows that it is not practical to use it for any other purpose; that there will be no adverse effect on any residents in the general neighborhood and that it is in harmony with the general intent and use of the zoning plan."

This accorded the Walcroft testimony undeserved weight and dignity. As we pointed out in *Greenblatt v. Toney Schloss Properties,* 235 Md. 9, 12, 200 A. 2d 70 (1964), the opinion of an expert in a case such as this is "entitled to no more force and effect than the reasons he said underlay it."

The lower court remanded the case to the Council on 27 October 1966 for findings of fact and a statement of reasons for the denial of the application in conformity with the requirements set out by us in *Board of County Commissioners v. Ziegler,* 244 Md. 224, 223 A. 2d 255 (1966).

No additional testimony was offered by the applicant, and on 30 November 1966, the District Council reaffirmed the denial

of the application, and included in its resolution the following findings:

> "1. The subject property is located on Lots 3 and 4 in Blenheim Subdivision on Annapolis Road in Bladensburg, Maryland, and is presently zoned in the C-2 category.
>
> "2. The testimony in summary is that of one real estate broker and appraiser that the use of the subject property as a gasoline station would be in harmony with the general plan and would not be detrimental to the neighboring properties. *His testimony was without reasons for the basis of his conclusion.* (Emphasis supplied).
>
> "3. The testimony of the opposition was to the effect that there were eleven gasoline stations within ¾ of a mile of the subject property and that there was no need for an additional station.
>
> "4. That the record contains no evidence of the effect of the gas station on traffic or any testimony that would show that the location of a gasoline station on the subject property would be in accordance with good planning principles so as to be in harmony with the intent and purpose of the general plan.
>
> "5. That the property can be used for commercial uses other than a gasoline filling station."

and then recited the reasons for its decision, including:

> "[T]he applicant has failed in the burden of proof to show that the granting of a Special Exception for a gasoline station would be in harmony with the purpose and intent of the general plan for the physical development of the Regional District."

The *Ziegler* case, *supra,* also involved an application for a special exception for an automobile service station in Prince George's County. The statutory background was identical to that of the case at bar; the application was denied by the District Council and the action of the Council was reversed by the circuit court. On appeal to this Court, the case was remanded,

without affirmance or reversal, for the introduction of additional evidence.

Judge Horney, speaking for the Court in *Ziegler,* 244 Md. at 229, said:

> "Where, as seems to be the case here, the decision of the zoning authority is apparently contrary to the weight of the evidence introduced on behalf of the applicants for the special exception, the zoning authority should have stated the reasons for its action and included them in the record."

We agree that the lower court, mindful of the result reached in *Ziegler,* acted properly in remanding Luria's case to the District Council for findings of fact. Unlike *Ziegler,* in the case before us there was virtually no evidential support for the granting of the application, and had the Council found otherwise, its determination would have been wholly unsupported by substantial evidence.

While it is perfectly true that a zoning authority, in the absence of evidence to support its action, cannot apply its expertise in granting or refusing a zoning change or exception, *Board of County Commissioners v. Ziegler, supra,* it is equally true that where statutory standards are set up, there must be supporting evidence upon which a rational judgment can be based. *Heath v. M. & C. C. of Baltimore,* 187 Md. 296, 305, 49 A. 2d 799 (1946) ; *Mayor and City Council v. Biermann,* 187 Md. 514, 50 A. 2d 804 (1947).

Under our view of the case before us, it is unnecessary to consider the contentions urged by the appellees, other than that which questions the reasonableness of the Council's decision. First, the appellees argue that *Ziegler* involved a service station as distinguished from a filling station, and that an applicant need only make out a prima facie case to justify the granting of a special exception for a filling station. Next, the appellees point out that testimony offered in behalf of the protestants with respect to the number of filling stations in the area and the lack of economic need is clearly irrelevant to the issue before the Council. Finally, the appellees say that the District Council was in error in attempting to assert a power to apply ad hoc

limitations and conditions incident to the granting of a special exception in individual cases. Assuming, *arguendo,* that the appellees are correct in each of these three contentions, our view of Luria's case would not be altered.

For Luria's application to have been granted, the Council was required to find that the proposed use was in harmony with the general plan and that the proposed use would not have an adverse or detrimental effect. The applicant, who had the responsibility of going forward with the evidence on which such findings could be based, completely failed to meet this burden.

As Judge Marbury, speaking for the Court, said in *Crowther, Inc. v. Johnson,* 225 Md. 379, 383, 170 A. 2d 768 (1961) :

> "The general rule is that in reviewing the action of zoning boards a court will not substitute its judgment for the judgment of the board unless its action is shown to be arbitrary, capricious or illegal. (Citing cases.) But if the questions involved are fairly debatable and the facts presented are sufficient to support the board's decision it must be upheld. (Citing cases.) Moreover, conditions upon which a special exception may be granted are set out in the ordinance, and the board is given a wide latitude of discretion in passing upon special exceptions so long as the resulting use is in harmony with the general purpose and intent of the zoning plan and will not adversely affect the use of neighboring properties and the general plan of the neighborhood as provided by the zoning ordinance. (Citing cases.)"

Under the facts of the case before us, the action taken by the District Council cannot be challenged.

*Order reversed; costs to be paid by*
*appellees.*