BOARD OF COUNTY COMMISSIONERS
FOR PRINCE GEORGE'S COUNTY *v.*
LIGHTMAN, ET UX.

[No. 328, September Term, 1967.]

*Decided October 9, 1968.*

The cause was argued before HAMMOND, C. J., and MAR-
BURY, BARNES, McWILLIAMS, FINAN, SINGLEY and SMITH,
JJ.

*James J. Lombardi,* with whom were *Lionell M. Lockhart,
Harry L. Durity, Martin Hertz, James F. Sharkey, David G.
Ross, Albert J. Lochte* and *Barry S. Cramp* on the brief, for
appellants.

*Charles A. Dukes, Jr.,* for appellees.

BARNES, J., delivered the opinion of the Court.

This appeal was filed by the Board of County Commissioners
of Prince George's County (the Board) from an order of the
Circuit Court for Prince George's County (Bowie, J.) revers-
ing an order of the Board, sitting as the District Council, deny-
ing a special exception to William R. Lightman and Marie C.
Lightman, his wife, (the applicants or appellees) for an auto-
mobile filling station at 7123 George Palmer Highway in the
Town of Seat Pleasant.

The subject property is located on the George Palmer High-
way. This highway is a major artery which connects with East
Capital Street in the District of Columbia. The lot is Parcel B
of the Gregory Farms Subdivision, contains 15,000 square feet
and is currently zoned C-2 (general commercial), as are the ad-
joining properties. As one faces the subject property, the land
on the left side is a McDonald's Drive-In and on the right side
of the property is a Texaco service station. Within 2500 feet
of the subject property there are seven other gasoline filling
stations. Within the three miles between the District of Colum-
bia line and the subject property there are at least ten gaso-
line filling stations. Other commercial uses in the area include
a dry cleaning establishment, a pizza restaurant, a dairy store,
a discount mart, a retail drygoods store, a coin operated laun-
dry, a beauty shop, drugstores, and supermarkets. There was
testimony that the Park and Planning Commission was contem-
plating a park directly behind the subject property. Across the

street from the Texaco station there are individual homes. There is a buffer of several hundred feet of trees in the rear of the subject property.

The applicants' case before the Board consisted of a written statement of the applicants themselves, and the testimony of a representative of the Crown Oil Company (Crown), the contract purchaser of the subject property. The witness testified that the proposed filling station would be used for the sale of gasoline and motor oil only, with other services such as vacuum cleaning and inflating tires provided at a separate island away from the pump island. Crown would itself operate and control the 24 hour-a-day operation and would not relinquish control of the operation to any lessee nor would it permit stray automobiles to be parked on the lot nor permit any repair work. He testified that the subject property was chosen by Crown because of a need based upon traffic studies and estimated population growth. He called the Board's attention to the other commercial uses in the area, already mentioned, and stated that, in his opinion, the widening of the George Palmer Highway, already in progress, would eliminate any congestion likely to be caused by the additional driveway into the filling station.

One of the town councilmen for the Town of Seat Pleasant testified in opposition to the granting of the special exception, stating that, in his opinion, there was no need for any additional filling stations. He further testified that many of the people of the town were opposed to the granting of the special exception; that the town was trying to prevent a "gasoline alley" along this portion of the highway; that the area was "cluttered" with gasoline stations; and that most of the increase in population which would be generated in the area would not occur in the Town of Seat Pleasant.

The Board, on June 30, 1967, filed the following order and decision:

"Upon motion of Commissioner Brooke, seconded by Commissioner Aluisi, and unanimously passed, it was Ordered that the application of WILLIAM R. LIGHTMAN AND MARIE C. LIGHTMAN, Owners, for a SPECIAL EXCEPTION to use the premises now

known as 7123 George Palmer Highway, being Parcel B of the Gregory Farms Subdivision, property now zoned C-2, for the purpose of an AUTOMOBILE FILLING STATION, be DISAPPROVED in accordance with District Council's Findings of Fact and Conclusions.

### FINDINGS OF FACT

"1. The District Council finds that there are seven (7) gasoline stations within 2,500 feet of the proposed station.

"2. That there are two (2) vehicle-oriented uses on either side of the proposed station; namely, a Texaco station and a McDonald's Drive-In.

"3. The District Council finds no testimony as to the health and safety of the residents or workers in the area.

"4. The District Council finds no testimony as to detriment to the use and/or development of the general neighborhood."

### CONCLUSIONS

"1. The District Council concludes that the applicant failed to meet the burden of proof required under 28.2 of the Zoning Ordinance.

"2. The District Council concludes that another vehicle-oriented use might cause excessive traffic congestion along George Palmer Highway at the location of the subject property and is not consonant with the orderly growth of the neighborhood.

"3. That it is not consistent with land planning principles to allow another gasoline station in an area that is already utilizing valuable commercial property for seven (7) other gasoline stations within 2,500 feet of the subject property."

The appellants filed a timely appeal to the Circuit Court. That court reversed the order of the Board because, in its opinion, there was no evidence before the Board to show that the proposed use was not in harmony with the General Plan for the

physical development of the area or would adversely affect the health and safety of residents or workers in the area.

In our opinion, the result in this case is controlled by our decision in *Board of County Commissioners for Prince George's County v. Luria,* 249 Md. 1, 238 A. 2d 108, decided by this Court on February 13, 1968, after Judge Bowie's opinion was filed in the lower court. In *Luria,* as in the present case, an application for a special exception for a gasoline filling station on land zoned C-2 in Prince George's County was involved. Section 28.2 of the Prince George's County Zoning Ordinance was also involved. This section provides:

"28.2 General Provisions

"A special exception may be granted when the Council finds that:

"(a) The proposed use is in harmony with the purpose and intent of the General Plan for the physical development of the District, as embodied in this Ordinance and in any Master Plan or portion thereof adopted or proposed as part of said General Plan.

"(b) The proposed use will not affect adversely the health and safety of residents or workers in the area and will not be detrimental to the use and/or development of adjacent properties or the general neighborhood."

In *Luria,* however, the applicants produced a realtor with 21 years experience who testified that, in his opinion, the location of the filling station involved in that case would not have any adverse effect on the neighboring properties and that the use would be in harmony with the general purpose and intent of the plan, but the witness gave no sufficient reasons for his opinion. The Board denied the application because the applicant had failed to meet the burden of proof of showing that the granting of the special exception would be in harmony with the purpose and intent of the General Plan for the physical development of the Regional District. On appeal the Circuit Court for Prince George's County reversed the Board's order denying the special exception and on appeal to us, we reversed the Circuit

Court's order and held that the decision of the Board was correct. Judge Singley, for the Court, stated:

"We are of the opinion that the Council was correct, and that its denial of the requested exception should have been affirmed by the court below. The county ordinance set out in footnote 2 makes it abundantly clear that the requisites for the granting of a special exception are a finding that the proposed use is in harmony with the general plan *and* a finding that the proposed use will not have an adverse effect on health and safety nor be detrimental to adjacent properties or the general neighborhood. It is our view that such findings must be based on testimony, and that the applicant assumes the burden of adducing such testimony, even in a prima facie case." (249 Md. at 3, 238 A. 2d at 109.)

Judge Singley further stated:

"For Luria's application to have been granted, the Council was required to find that the proposed use was in harmony with the general plan and that the proposed use would not have an adverse or detrimental effect. The applicant, who had the responsibility of going forward with the evidence on which such findings could be based, completely failed to meet this burden." (249 Md. at 7, 238 A. 2d at 111.)

In the present case the applicants produced no expert who testified that the required criteria had been satisfied, nor can we say that the surrounding facts and circumstances were, in themselves, sufficient to meet the burden of proof the applicants were required to meet. As in *Luria,* there was uncontradicted testimony to show a substantial number of filling stations in the area (11 filling stations within $\frac{3}{4}$ of a mile in *Luria*; 7 filling stations within 2500 feet in the present case) and it cannot be said that the Board with this fact in the record *must find* that the applicants met the burden of proof. Indeed, in *Mayor & City Council of Baltimore v. Biermann,* 187 Md. 514, 523, 50 A. 2d 804, 808-809 (1947) we indicated that the number

of filling stations in the vicinity was one of the factors to be considered in sustaining a denial of a special exception for a filling station (11 filling stations within four blocks of the proposed site). See *Hoffman v. Mayor and City Council of Baltimore,* 187 Md. 593, 51 A. 2d 269 (1947). See also 8 E. McQuillan, *Municipal Corporations,* § 25.178 at 602 (3rd Ed. 1965).

The decision of the Board was correct and the order of the Circuit Court reversing the Board's action must be reversed.

*Order reversed, the costs to be paid*
*by the appellees.*