BOARD OF COUNTY COMMISSIONERS FOR
PRINCE GEORGE'S COUNTY, ET AL.
*v.* BROWN, ET AL.

[No. 229, September Term, 1968.]

*Decided May 28, 1969.*

*Motion for rehearing filed June 4, 1969; denied June 23, 1969.*

The cause was argued before HAMMOND, C. J., and BARNES, FINAN, SINGLEY and SMITH, JJ.

*Albert J. Lochte,* with whom were *Lionell M. Lockhart, Harry L. Durity, James J. Lombardi, Martin Hertz, James F. Sharkey, Barry S. Cramp* and *Emil A. Nichols* on the brief,

for appellant Board of County Commissioners for Prince George's County.

*John K. Keane, Jr.,* with whom was *Edward P. Camus* on the brief, for appellant Bowie Volunteer Fire Department and Rescue Squad, Inc.

*James F. Vance* and *William J. Avrutis* for appellees.

Singley, J., delivered the opinion of the Court.

The members of Bowie Volunteer Fire Department and Rescue Squad, Inc. (the Department), determined that Prometheus should not be wholly unbound in their community,[1] decided to build a new firehouse. As a site, they selected a two and one-half acre tract on Chestnut Avenue in Old Bowie some 1800 feet distant from their present firehouse, and purchased it for $45,000. On the new location, they proposed to build a two story building, with bays for four fire trucks and an ambulance, sleeping accommodations for 12 men, and a social hall 120 feet by 80 feet. Construction costs will be approximately $340,000. There was testimony that the new structure would be "an absolute asset to the area", in contrast to the present firehouse, which was "literally built by hand, by the members of the community" 30 years ago on a tract of less than an acre and is "in quite a sad condition."

Since the new Chestnut Avenue tract was zoned R-R (rural residential), a special exception was required by the Prince George's County Zoning Ordinance for the location of a fire station there.[2] Application was made to the Board of County Commissioners for Prince George's County, sitting as the District Council (the Council) which granted the exception after a public hearing. Dr. John H. Brown, whose house adjoins the new site, joined by a number of his neighbors, who had ap-

---

1. At the public hearing, Fire Chief Robert Anderson, discussing population growth, said: "As you get one more person you get one more to strike a match. * * *"

2. While the record is not entirely clear, the application seems to have related to only a portion of the new site.

peared at the Council hearing to oppose the granting of the special exception, appealed to the Circuit Court for Prince George's County. From an order reversing the action of the Council, this appeal was taken by the Council and the Department, the latter having been permitted to intervene. For reasons to be developed, it is our conclusion that the action of the Council should have been vacated, but not for the reasons relied on below, and that the case should have been remanded to the Council for further proceedings. Maryland Rule 871 a.

We have had occasion in the past to point out that we need not take judicial notice of a county's zoning ordinance. *Kramer v. Bd. of County Comm'rs for Prince George's County,* 248 Md. 27, 36, 234 A. 2d 589 (1967); *Strickler v. Bd. of County Comm'rs for Prince George's County,* 242 Md. 290, 298, 219 A. 2d 58 (1966). While it is regrettable that the record extract does not contain a full recital of the pertinent provisions of the Prince George's County Ordinance, enough of it is set out in the briefs to enable us to pass upon the issues presented.

Under the Prince George's County Zoning Ordinance, the Council reserved to itself as permitted by Ch. 780, § 1, Subsection 83 of the Laws of Maryland (1959), Prince George's County, Code of Public Local Laws (Everstine Ed., 1963) § 59-89 [3] the power to make special exceptions.

The County's Zoning Ordinance, § 28.2 provides:

> "A special exception may be granted when the Council finds that:
> (a) The proposed use is in harmony with the purpose and intent of the General Plan for the physical development of the District, as embodied in this Ordinance and in any Master Plan or portion thereof adopted or proposed as part of said Master Plan.

---

**3.** "A district council in its zoning regulations may provide that the board of zoning appeals or the district council * * * in appropriate cases and subject to appropriate principles, standards, rules, conditions, and safeguards set forth in the regulations, may make special exceptions to the provisions of the zoning regulations in harmony with their general purposes and intent."

(b) The proposed use will not affect adversely the health and safety of residents or workers in the area and will not be detrimental to the use and/or development of adjacent properties or the general neighborhood."

§ 28.348 of the same ordinance permits the use, by special exception, of a volunteer fire department and rescue squad:

"In all zones a fire, ambulance and/or rescue station may be permitted provided the site is located in the immediate proximity of a site designated as a fire or other rescue station on a plan of fire and rescue stations for Prince George's County approved by the District Council."

We have reviewed the procedure to be followed in the consideration of applications for special exceptions in Prince George's County in *Board of County Comm'rs for Prince George's County v. Luria,* 249 Md. 1, 238 A. 2d 108 (1968) and in *Board of County Comm'rs for Prince George's County v. Ziegler,* 244 Md. 224, 223 A. 2d 255 (1966).

What we said in *Luria* is particularly apposite here:

"* * * The county ordinance * * * makes it abundantly clear that the requisites for the granting of a special exception are a finding that the proposed use is in harmony with the general plan *and* a finding that the proposed use will not have an adverse effect on health and safety nor be detrimental to adjacent properties or the general neighborhood. It is our view that such findings must be based on testimony, and that the applicant assumes the burden of adducing such testimony, even in a prima facie case. *Oursler v. Board of Zoning Appeals,* 204 Md. 397, 402, 104 A. 2d 568 (1954); *Montgomery County v. Merlands Club,* 202 Md. 279, 290, 96 A. 2d 261 (1953). *See* Carson, *Reclassification, Variances and Special Exceptions in Maryland,* 21 Md. L. Rev. 306, 317 (1961)." (Emphasis in original) 249 Md. at 3

The opinion in *Luria* was filed on 13 February 1968, and the record before us shows that the case was brought to the attention of the Council prior to the hearing on the Department's application for a special exception. Moreover, in his opening statement and again in closing argument, Dr. Brown's counsel reminded the Council that a dual finding was required by *Luria*.

After holding a hearing on 20 March 1968, the Council, on 17 April, granted the exception. On 19 June, the resolution granting the exception was amended to include the following findings of fact and conclusions:

"1. The proposed site for the erection of the fire station lies within the immediate proximity of a site designated as a fire or rescue station on a plan approved by the District Council.

"2. The subject property is immediately surrounded by a rural residential zone comprised of single-family homes, and it is near a commercial area to the north and northwest and an industrial area to the west.

"3. The Bowie City Council, by Motion dated March 11, 1968, recommended the approval of the application with two limitations.

"4. There was testimony by the petitioner that other sites for the fire station had received consideration, but for one reason or another were rejected. Testimony further revealed that the subject site was approved by the petitioner because of its acreage and because the majority of calls are to the south side of a narrow railroad bridge, and the proposed site would provide better access in order to answer calls. There was additional testimony that the present structure was inadequate to meet the needs of the station.

"5. Testimony was presented by both the petitioner and the opponents regarding the effect of the station on the general health and well-being of the citizenry, as well as the effect on the surrounding property. The petitioners contended that the station would be an asset to the community and exhibited a rendering of

the proposed station. The opponents objected that the historic beauty of the area would be impaired, that a possible traffic hazard may ensue because of the traveling fire trucks, and that the noise level would increase."

## CONCLUSIONS

"The District Council concludes:

"1. That the relocation of a fire station is desirable at the subject location.

"2. That the health and safety of all of the residents and workers in the area will be enhanced by the granting of the special exception.

"3. The District Council concludes that the erection of a fire station will not be a detriment to the use and development of adjacent properties.

"4. That a special exception should be granted subject to the following esthetic and audio considerations: [4]

    a. Facilities for washing fire trucks and equipment to be provided only at the rear of the station.

    b. Fire alarm siren not to be located on the site."

Brown's appeal had been instituted on 4 June, and the Council had answered on 17 June, prior to the inclusion of findings of fact and conclusions in the amended resolution adopted by the Council on 19 June, in what would appear to be a belated effort to comply with Prince George's County, Code of Public Local Laws (Everstine Ed., 1963, 1967 Supp.) § 59-104.[5]

---

4. Imposed pursuant to § 28.3 of the county's zoning ordinance: "A special exception may be granted in accordance with the specific provisions herein enumerated, in connection with a use for which such exception is required. The Council may, and is hereby empowered to, add to the specific provisions any others that it may deem necessary to protect adjacent properties, the general neighborhood, and the residents and/or workers therein."

5. "In Prince George's County, no application for a map amendment or special exception, which is contested, shall be granted or

The lower court, in reversing the action of the Council concluded that "[T]he whole case turns on the question of whether or not the proposed use will be detrimental to the use or the development of the adjacent properties in the general neighborhood" and continued:

> "This is a community which is perhaps best described, as its occupants do describe it, as the old section of town where the houses are large, the lots large, the trees large, and the owners stubborn. They don't want to change; they are living there because they don't want to change. They are there because they would rather put new plumbing in a hundred-year-old house at two and a half times the cost of putting the same plumbing in a brand new house. The Court doesn't see how it can be very successfully established that the use of a part of this community as a volunteer fire department won't have an adverse effect on the use of the remainder of it by that type of citizen."

After examining the testimony of witnesses for the Department, the court entered an order reversing the action of the Council because the action "* * * granting the special exception to the [Department] was not supported by substantial evidence showing that the erection of a fire station facility, under conditions specified in said special exception, on the subject property will not be a detriment to the use and/or development of adjacent properties or the general neighborhood, and was therefore unsupported by competent, material and substantial evidence in view of the entire record as submitted; * * *".

As an additional reason for reversal, the Court assigned a colloquy which took place at the Council hearing between Dr. Brown and the Council's chairman:

---

denied except upon written findings of basic facts and written conclusions." *See also, Board of County Comm'rs for Prince George's County v. Ziegler, supra,* 244 Md. at 228-29, which remanded a case for want of such findings.

"DR. BROWN: The neighborhood is solidly against the location of [the firehouse] there.

"CHAIRMAN SPELLMAN: That is the case with every fire department. The neighborhood is almost solidly against having it anywhere near there. All the people who are a little distance away think it is great. They want the fire protection. The people nearby are opposed to it.

"This is an everyday happening. Every time a fire department wants to build a station we go through this, *so it is incumbent on the neighborhood to prove that this is not a proper place,* because we do need fire stations and we need them somewhere." (Emphasis supplied)

This was not a correct statement of the rule, and assuming that it had been prejudicial in a properly presented case, might well have constitued grounds for reversal. *Compare,* however, *Williams v. McCardell,* 198 Md. 320, 330, 84 A. 2d 52 (1951). We have consistently held that the burden of adducing testimony to support a finding that the statutory critera for a special exception have been met, even in a prima facie case, is on the applicant. *Board of County Comm'rs for Prince George's County v. Lightman,* 251 Md. 86, 246 A. 2d 261 (1968); *Board of County Comm'rs for Prince George's County v. Luria, supra,* 249 Md. at 3, upholding a properly framed ruling by the same Council; *Clark v. County Bd. of Appeals for Montgomery County,* 235 Md. 320, 201 A. 2d 499 (1964); and *Gerczak v. Todd,* 233 Md. 25, 194 A. 2d 799 (1963).

As we see it, the lower court should have remanded the case to the Council to afford the Council the opportunity of meeting the requirements of the Prince George's County Zoning Ordinance as interpreted by *Luria.* Two findings are required: (i) an affirmative finding that "the proposed use is in harmony with the purpose and intent of the General Plan for the physical development of the District as embodied in [the zoning] Ordinance and in any Master Plan or portion thereof adopted or proposed as part of said Master Plan"; and (ii) a negative finding that "the proposed use will not affect adversely the

health and safety of residents or workers in the area and will not be detrimental to the use and/or development of adjacent properties or the general neighborhood."

The Council's conclusions:

"1. That the relocation of a fire station is desirable at the subject location.

"2. That the health and safety of all of the residents and workers in the area will be enhanced by the granting of the special exception.

"3. The District Council concludes that the erection of a fire station will not be a detriment to the use and development of adjacent properties."

fell considerably short of the statutory mark, because conclusions 2 and 3 can scarcely be regarded as strictly conforming to the language of the Ordinance.

Of much greater significance, however, is the failure of the Council's finding of fact that "The proposed site * * * lies within the immediate proximity of a site designated as a fire or rescue station on a plan approved by the District Council"[6] to satisfy the requirement that the proposed use be found to be "in harmony with the purpose and intent of the *General Plan* for the physical development of the District." (Emphasis supplied)

That we have not considered the contentions of the appellants in detail or summarized and discussed the testimony and evidence offered at the Council hearing in support of and in opposition to the granting of the exception is not to be regarded as inadvertent, but rather stems from our reluctance to appear to adopt or reject the lower court's conclusion that the result reached by the Council was not supported by "substantial" or "probative" evidence. In the context of a zoning case, substantial evidence means "more than a scintilla"; such evidence "as a reasonable mind might accept as adequate to support a conclusion"; and "enough to justify, if the trial were to a jury, a refusal to direct a verdict", *Board of County*

---

6. This is the finding called for by § 28.348 of the Ordinance.

*Comm'rs of Prince George's County v. Oak Hill Farms, Inc.,* 232 Md. 274, 192 A. 2d 761 (1963).

We are mindful of what Judge Marbury, speaking for this Court, said in *Crowther, Inc. v. Johnson,* 225 Md. 379, 170 A. 2d 768 (1961), which was repeated more recently in *Brouillett v. Eudowood Shopping Plaza, Inc.,* 249 Md. 606, 241 A. 2d 404 (1968):

> "The general rule is that in reviewing the action of zoning boards a court will not substitute its judgment for the judgment of the board unless its action is shown to be arbitrary, capricious or illegal. *Dorsey Enterprises, Inc. v. Shpak,* 219 Md. 16, 147 A. 2d 853; *Gilmor v. Mayor and City Council,* 205 Md. 557, 109 A. 2d 739; *Montgomery Co. v. Merlands Club,* 202 Md. 279, 96 A. 2d 261; *Md. Adv. Co. v. Mayor & C. C. of Baltimore,* 199 Md. 214, 86 A. 2d 169; *Mayor & C. C. of Baltimore v. Biermann,* 187 Md. 514, 50 A. 2d 804. But if the questions involved are fairly debatable and the facts presented are sufficient to support the board's decision it must be upheld. *Dorsey Enterprises v. Shpak, supra; Erdman v. Board of Zoning Appeals,* 212 Md. 288, 129 A. 2d 124; *Wakefield v. Kraft,* 202 Md. 136, 96 A. 2d 27. Moreover, conditions upon which a *special exception* may be granted are set out in the ordinance, and *the board is given wide latitude of discretion in passing upon special exceptions* (emphasis added) so long as the resulting use is in harmony with the general purpose and intent of the zoning plan and will not adversely affect the use of neighboring properties and the general plan of the neighborhood as provided by the zoning ordinance. *Oursler v. Board of Zoning Appeals,* 204 Md. 397, 104 A. 2d 568; *Dorsey Enterprises v. Shpak, supra; Erdman v. Board of Zoning Appeals, supra, Montgomery Co. v. Merlands Club, supra.*" 225 Md. at 383

On remand, the Department must adduce evidence, if it can

do so, sufficient to permit the Council to act in the manner the Ordinance requires.

> *Case remanded without affirmance or reversal for remand by the Circuit Court to the District Council for further proceedings conformable with this opinion; costs to be paid by appellants.*