## BOWIE VOLUNTEER FIRE DEPARTMENT AND RESCUE SQUAD, INC. *v.* BOARD OF COUNTY COMMISSIONERS FOR PRINCE GEORGE'S COUNTY, MARYLAND ET AL.

[No. 42, September Term, 1969.]

*Decided November 4, 1969.*

382

The cause was argued before HAMMOND, C. J., and McWILLIAMS, FINAN, SINGLEY, and SMITH, JJ.

*John K. Keane Jr.,* with whom were *Camus & Keane* on the brief, for appellant.

*Albert J. Lochte,* with whom were *Lionell M. Lockhart, Harry L. Durity, James J. Lombardi, Martin Hertz, James F. Sharkey, Barry S. Cramp,* and *Emil A. Nichols* on the brief, for Board of County Commissioners for Prince George's County, part of appellees; and by *James F. Vance,* with whom was *William J. Avrutis* on the brief, for John H. Brown et al., other appellees.

SMITH, J., delivered the opinion of the Court.

Appellant, Bowie Volunteer Fire Department and Rescue Squad, Inc., (Fire Company) is desirous of having a new fire house and appears to be encountering a few stumbling blocks along the way. This specific case deals with the Fire Company's request for the writ of mandamus to compel the Board of County Commissioners of Prince George's County to reissue a building permit for the fire house which had been rescinded. We shall affirm the action of Judge Mathias in denying the writ of mandamus.

Section 28.348 of the Prince George's County zoning ordinance as adopted on August 15, 1967, states:

"In all zones a (volunteer) fire, ambulance and/or rescue station may be permitted provided the site is located in the immediate prox-

imity of a site designated as a fire or rescue station on a plan of fire and rescue stations for Prince George's County approved by the District Council."

The Fire Company applied to the District Council for a special exception. It was granted. Promptly thereafter a building permit for the erection of the fire house was granted. The granting of the special exception was appealed to the Circuit Court for Prince George's County which reversed the action of the District Council. We considered the matter in *County Commissioners v. Brown*, 253 Md. 632, 253 A. 2d 883 (1969), and remanded the case without affirmance or reversal for remand by the Circuit Court to the District Council for further proceedings.

On November 6, 1968, subsequent to the Circuit Court decision relative to the special exceptions and prior to our consideration of that case in the spring of 1969, the District Council passed a resolution staying the previously granted special exception and rescinding the building permit "until such time as a decision has been rendered by the Maryland Court of Appeals." A "stop work" notice was posted November 8. A contract between the Fire Company and its builder was entered into on October 23, 1968. It is conceded that work done under that contract and under the building permit was minimal.

This mandamus action was filed on November 21, 1968. In addition to the usual allegation that the action of the public officials concerned was "arbitrary" the petition states, "The sole reason for their action [was] their reliance upon an ordinance declared by [the Circuit Court for Prince George's County] on the 1st day of October, 1968, to be inoperative." If the reason for the action of the District Council was the decision of the Circuit Court on October 1, 1968, that fact does not appear in the record.

The decision to which reference is made is a case involving Laurel Volunteer Fire Department No. 1, Inc

It applied for a special exception to build a fire-substation. The application was denied. It then asked the Circuit Court to review, contending that section 28.348 of the zoning ordinance was of no force and effect because it was contingent upon the adoption of a plan for fire and rescue stations and that no such plan had been validly adopted by the County Commissioners sitting as the District Council. The Prince George's County Code of Public Local Laws, 1963, § 59.68 requires public hearings prior to the adoption of any "General Plan, Local Master Plan or Functional Master Plan". The county in that proceeding argued that the plan referred to in section 28.348 of the zoning ordinance was not a "Functional Master Plan" and, therefore, no public hearing was necessary. Judge Bowie determined it to be a functional master plan. Accordingly, he remanded the case to the County Commissioners sitting as the District Council so that a plan for fire and rescue stations might be approved by the District Council in accordance with the provisions relative to public hearing. He further ordered that proceedings be held by the County Commissioners sitting as the District Council in accordance with section 28.348 of the zoning ordinance at such time as a valid plan might be adopted. It is said there was no appeal from that decision. We set forth the above information relative to the alleged improper adoption of the plan since it is interwoven with the arguments of the Fire Company here, the facts set forth being gleaned from copy of the opinion in that case printed in the record extract. We do not have before us the full record in the Laurel Volunteer Fire Department No. 1, Inc., case, nor are we to be understood as taking judicial notice of it. *Fletcher v. Flournoy*, 198 Md. 53, 81 A. 2d 232 (1951).

The Fire Company takes the position that section 28.348 of the zoning ordinance is inoperative (although it presented no evidence to that effect other than a certified copy of the opinion of Judge Bowie) and that, therefore, the pre-existing zoning ordinance is applicable. It says the pre-existing ordinance permits in a rural resi-

deutial zone "public buildings and uses". It points to the local law relative to nonprofit fire companies and rescue squads which makes them "an instrumentality of Prince George's County and/or the municipality in which they operate for the protection of life and property from the hazards of fires, explosions and related perils" and which provides that the beneficial interest in their assets "shall be vested in Prince George's County or the municipality wherein such volunteer fire companies and/or rescue squads are located and operating." Therefore, it says the District Council acted illegally when it rescinded the building permit because it was a public building the Fire Company proposed erecting. Judge Mathias in his oral opinion said:

"Very well, gentlemen, the Court finds in this case that the Bowie Volunteer Fire Company did, in fact, receive a building permit to construct a fire company [sic] and that that permit was validly issued as a result of the provisions of Section 28.348 of the Zoning Ordinance, wherein they were granted a special exception for the purpose of constructing such a fire station. *The Court finds that there is no evidence before me that would indicate that that amendment to the zoning regulations was not validly adopted.* Before such a special exception could be granted it required a master plan to be adopted, and Section 59.63 of the Public Local Laws of Prince George's County says how that must come about.

"It is rather apparent and conceded by all parties that that was not complied with by the County Commissioners prior to the adoption of the amendment known as 28.348. * * * *I specifically state that it is a valid amendment to the Ordinance, because there is nothing before me that would indicate that it did not comply with the usual procedures for amendments to*

*zoning regulations.* It was rather apparent in the Laurel case as it developed that the master plan which the amendment 28.348 envisioned had not legally [been] brought into being. If the book that I have is correct the amendment to the zoning regulation was adopted August 15, 1967. I am reading from the Prince George's County Zoning Ordinance.

"I am taking Judge Bowie's opinion and saying that your contention that it would revert back to the old provisions for issuing building permits to fire companies in any zone or any public buildings in any zone was changed legally by the amendment to the Zoning Ordinance, 28.348, that having legally been adopted. *There is no evidence before me indicating that it wasn't. I asked everybody that same question, 'Do you have any indication that 28.348 wasn't legally adopted in compliance with the provisions of law?' Nobody indicated that it wasn't.* It requires that these be located in an area of a plan adopted by the District Council and all such plans under 59-63 are required to come from the Park and Planning Commission after a public hearing before the County Commissioners and then their adoption.

\* \* \*

"I would indicate that 59-85, as pointed out by Mr. Hertz, has a bearing on this case. 'The filing of the petition shall not stay enforcement of the District Council decision; but the District Council may do so, or the reviewing court may order a stay upon such terms as it deems proper.'

"The Court determines this resolution which they passed with a stop-work order until the appeal is resolved in the Court of Appeals is, in fact, in compliance with that provision of the law. It is rather apparent to everybody con-

cerned, gentlemen, that we are dealing with taxpayers' money and whether or not this building is going to be constructed and then somebody is going to tell you to tear it down — I guess we are now getting on the lecture side. If you build it it should be built with some kind of indication that it is going to stay there.

* * *

"Therefore, the Court is of the opinion that there is ample discretion in this case. There have been public funds advanced, as was indicated by argument and by concession of all the parties concerned. The Court feels there is no basis for a mandamus, so it will deny the writ for the reasons given." (Emphasis added)

It will thus be seen that it is not section 28.348 of the zoning ordinance which was determined to be improperly adopted, but a plan under that ordinance which implemented the ordinance.

Public buildings and uses were permitted in each zone in Prince George's County at the time section 28.348 was adopted. This Court said in *Thomas v. Police Commissioner,* 211 Md. 357, 361, 127 A. 2d 625 (1956) :

"It is a hornbook rule of statutory construction that, in ascertaining the intention of the Legislature, all parts of a statute are to be read together to find the intention as to any one part and that all parts are to be reconciled and harmonized if possible." *Id.* at 361.

This is no less true of the legislative body enacting a zoning ordinance. If it had been the intent of the legislative body that a fire house be built in any zone, then there would have been no reason whatever for adopting section 28.348. Accordingly, it can only be reasoned that, as Judge Mathias reasoned, the law was modified when section 28.348 was adopted. Accordingly, there is no reversion to the former rule of permitting a fire house in any zone.

It is apparent that the county did not unduly delay with reference to the adoption of the fire and rescue station plan since section 28.348 was adopted August 15, 1967, and the plan implementing the ordinance was adopted on November 24, 1967, although improperly adopted, as Judge Bowie found and the parties apparently concede.

On the facts of this case we see no abuse of discretion on the part of the County Commissioners of Prince George's County sitting as a District Council in rescinding the building permit when its grant of the special exception on which the building permit was issued was on appeal to this Court and the permit was rescinded for the express reason of that appeal. The fact that there had been a decision in the Circuit Court for Prince George's County declaring the fire plan improperly adopted is merely coincidental.

The County is entitled to a reasonable time to properly implement its fire station plan, which it quite obviously had not had opportunity to do at the time of the hearing before Judge Mathias. We are not to be understood as in any way implying in this opinion what our position would be relative to the zoning ordinance and the interplay between "public buildings and uses" and section 28.348 if the county were to unduly delay the adoption of a valid plan under section 28.348. As conscientious public officials the County Commissioners of Prince George's County are undoubtedly now taking steps to implement such a plan, if they have not already done so.

On this record, the Fire Company is not entitled to its building permit.

*Order affirmed; appellant to pay the costs.*