CHARLES J. CIRELLI & SONS, INC. *v.*
HARFORD COUNTY COUNCIL ET AL.

[No. 880, September Term, 1974.]

*Decided June 2, 1975.*

The cause was argued before ORTH, C. J., and MORTON and THOMPSON, JJ.

*Neil Tabor,* with whom was *Wilmer J. Cronin* on the brief, for appellant.

*Richard M. Hartman* for intervening property owners, part of appellees. Submitted on brief by *William D. Hooper, Jr., County Attorney for Harford County,* and *William O. Carr, Assistant County Attorney for Harford County,* for Harford County Council, other appellee.

THOMPSON, J., delivered the opinion of the Court.

Charles J. Cirelli & Sons, Inc. (Cirelli), appellant, contracted to purchase from Richard Street a 6.425 acre parcel of land in Harford County. The 6.425 acres had been part of a larger tract of land owned by Street, all of which was zoned for agricultural use when the Harford County Zoning Map was adopted in 1958. In 1962, 2.61 acres of the tract were zoned B-1 (Neighborhood Business District). Because of severances caused by road construction, the original tract was reduced to 6.425 acres (including the 2.61 acres already zoned for business use) which Street contracted to sell to Cirelli. Cirelli applied to rezone the remaining 3.815 acres from A-1 to B-1 so that the entire 6.425 acres could be used as a small shopping center.

The Harford County Planning Commission and Planning Advisory Board held hearings on Cirelli's application and both unanimously recommended that the rezoning be granted. A Hearing Examiner, appointed by the Council to take testimony and make recommendations, also recommended approval. Thereafter the Council, acting as the Zoning Board, held a public hearing to consider the application. At that hearing the Council had before it the written recommendation of the Hearing Examiner but did

not have the transcript of the testimony upon which the Examiner based his decision. The Council rejected the application and ordered the file to be turned over to another Examiner with instructions to write a decision denying the requested rezoning.

The new Hearing Examiner complied, apparently without hearing evidence, and the Council formally adopted his findings. Cirelli appealed to the Circuit Court for Harford County which affirmed the Council's decision.

In this appeal Cirelli raises three issues:

> "1. Was the decision of the Council arbitrary or illegal because it did not have before it any of the testimony considered by the Hearing Examiner?

> "2. Did the Council commit error in failing to make findings in support of its decision or in permitting the protestants to testify in opposition to the rezoning?

> "3. On the basis of the record as a whole, should the Council's decision be reversed because it was arbitrary and not fairly debatable? "

I

Cirelli contends that the action of the Council, taken without benefit of the evidence presented originally to the Hearing Examiner, was illegal and thus should be reversed.

Section 705 (a) of the Harford County Charter provides:

> "The final decision in a Zoning case shall be based solely upon record evidence, and shall be supported by specific written findings of fact and conclusions of law."

Thus, the Harford County Council, when sitting as the Zoning Board, is required to have before it the transcript of the testimony taken by the Hearing Examiner.

The rationale behind these and other similar requirements was stated in *Pistorio v. Zoning Board of Howard County*, 268 Md. 558, 302 A. 2d 614 (1973) where the Court of

494

Appeals, quoting from *Board of County Commissioners for Prince George's County v. Ziegler*, 244 Md. 224, 223 A. 2d 255 (1966), stated at 568-569:

> "Aside from the rule that a zoning authority, in the absence of evidence to support its action, cannot apply its expertise in granting or refusing a zoning change or exception, *cf. Lutherville Community Association v. Wingard*, 239 Md. 163, 210 A. 2d 534 (1965), it is clear that without a record of the facts on which the zoning authority acted or a statement of the reasons for its action, the reviewing court could not properly perform the duty it had of determining whether the action of the zoning authority was arbitrary or capricious."

The Council in the instant case made its decision based solely on the Examiner's written decision and on statements made by several interested parties. The decision of the Council was contrary to that of the Examiner. The Examiner's decision was not a substitute either in logic or under the Harford County Charter for the evidence taken by the Examiner. The statements made at the hearing before the Council were not evidence but argument. As such the Council's actions were contrary to the Harford County Charter and were not based on any evidence. We therefore remand the case and direct the Circuit Court for Harford County to remand it to the Council for further proceedings consistent with this opinion.

At oral argument it was suggested that the Court of Appeals' decision in *Northampton Corp. v. Prince George's County*, 273 Md. 93, 327 A. 2d 774 (1974) precludes our remanding the instant case. Apparently the basis for the suggestion was the following language from that case:

> "When an appeal is taken in a case like this, the function of the circuit court is a limited one: it reviews the entire record to determine whether the action of the district council was unreasonable, arbitrary or capricious . . ."

\* \* \* \*

"Only if the lower court had determined that the action of the council found no support in the facts and that it was unreasonable, arbitrary or capricious and not in accordance with law, could the case have been remanded for reconsideration . . ."

\* \* \* \*

"For the Court of Special Appeals to remand the case to the circuit court for a formulation of findings of fact and conclusions of law is at variance with the rule of our cases that it is not the function of the reviewing court to zone or rezone, or to substitute its judgment for that of the zoning authority if the action of the zoning authority is based on substantial evidence and the issue is thus fairly debatable . . ." *Id.* at 100-101.

In *Northampton* the Court of Appeals reversed a decision of this Court which had remanded a zoning case to the Circuit Court for a formulation of findings of fact and conclusions of law. The basis of the Court's decision was that the Regional District Act, rather than the Prince George's County Charter, applied and that therefore since the case was not contested no findings of fact or written conclusions were necessary. The Court however went further than that holding and recited the above quoted language. There can be no quarrel with the legal principles contained in that language. It is the function of neither the Circuit Court nor an appellate court to rezone by judicial fiat. The judicial function is limited to a determination of whether the decision of a zoning authority is arbitrary, capricious or unreasonable. That determination is made by requiring that the zoning authority's decision be based on some evidence. *Pistorio v. Zoning Board of Howard County, supra.* The language in *Northampton* should not be read to preclude absolutely the remand of a zoning case where the zoning authority made its decision without evidence.[1] While it is

---

1. We note that in both Pistorio v. Zoning Board of Howard County,

true that a court may not rezone, it is equally true that a zoning authority may not make its decision based solely on its expertise without the benefit of facts. *Board of County Commissioners for Prince George's County v. Luria,* 249 Md. 1, 6, 238 A. 2d 108 (1968). In such a case the Court, if it remands the case for the taking of evidence, is not rezoning. It is merely requiring that the decision of the zoning authority, whatever it may be, be supported by some evidence; to allow a zoning authority to make its decision without benefit of evidence is no less arbitrary and capricious than to allow its decision to stand where it is not fairly debatable. In either situation the parties have been denied due process by the arbitrary and capricious conduct of the zoning authority. A remand to the Council with directions to consider the evidence before the Examiner is therefore in order.

A case dealing with a different subject matter but based on similar legal considerations was *Ellis v. Ellis,* 19 Md. App. 361, 311 A. 2d 428 (1973). In that case pursuant to a divorce decree, Mrs. Ellis had been awarded custody of her child. Several years later Mr. Ellis through appropriate pleadings sought to gain custody of the child. The issue was referred to a domestic relations Master who conducted an extensive hearing. The Master filed a report in which he recommended that the custody of the child be awarded to Mr. Ellis. Mrs. Ellis filed exceptions to the Master's report and the case was heard by the Chancellor. The Chancellor, without taking testimony or reviewing the testimony received by the Master, awarded custody to Mr. Ellis apparently based solely on the Master's written recommendation. This Court held that the Chancellor's action taken as it was without benefit of the evidence adduced before the Master was improper. We stated at 19 Md. App. 363:

> "We do not reach these contentions because there would appear to be, on the record before us, a

*supra,* and Board of County Commissioners for Prince George's County v. Ziegler, *supra,* the Court of Appeals remanded directing that the zoning authority make further findings.

fundamental and crucial missing link in the judicial process with respect to the proceedings below, for it would appear that there was no evidence or testimony before the Chancellor at the time he signed the order awarding custody of the child to the father from which he could make a knowing and intelligent judgment concerning what actions should be taken which would best serve the interests and welfare of the infant child of the parties."

The case was remanded to the Chancellor with directions that he consider the evidence which was before the Master.

Appellees argue that Md. Rule 1085 dictates that we not decide the issue because the issue was not raised in the trial court. Rule 1085 is not however an absolute prohibition; by its terms it states that we "ordinarily" consider only questions raised below. The Maryland courts have considered questions not raised or decided below. *See Meyer v. Gyro Transp. Systems,* 263 Md. 518, 532, 283 A. 2d 608 (1971); *Bartholomey v. State,* 260 Md. 504, 513, 273 A. 2d 164 (1971); *judgment vacated* on other grounds, 408 U. S. 938; *Holt v. State,* 3 Md. App. 544, 240 A. 2d 355 (1968). *Compare Kares v. State,* 215 Md. 396, 137 A. 2d 712 (1958), where the Court refused to consider a contention which had been waived at trial under Rule 725. In the instant case we review the issue because the error committed was a blatant denial of procedural due process.

## II

Because the Zoning Board had no copy of the testimony, it is understandable that it could not make appropriate findings of facts. The difficulty will not be present after remand. The protestants did not testify before the Council; they merely presented argument.

## III

We do not consider it appropriate to comment on the

evidence until it is first properly considered by the Zoning Board.

> *Case remanded, without affirmance or reversal, for remand to the zoning board for further proceedings.*
> *Appellee Harford County to pay the costs.*