GOOD CITIZENS COMMUNITY PROTECTIVE
ASSOCIATION ET AL. *v.* BOARD OF LIQUOR
LICENSE COMMISSIONERS OF
BALTIMORE CITY

[No. 247, September Term, 1957.]

(Two Appeals In One Record)

*Decided May 23, 1958.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Juanita Jackson Mitchell* and *Tucker R. Dearing* for appellants, Good Citizens Community Protective Association et al.

No brief and no appearance for appellant, Mount Royal Improvement Association.

*Theodore C. Waters, Jr., Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General,* and *Oscar W. Zenitz, Counsel for the Board of Liquor License Commissioners,* on the brief, for appellees.

HAMMOND, J., delivered the opinion of the Court.

Certain of those who had protested before the Board of Liquor License Commissioners of Baltimore seek to appeal from the affirmance of its action in granting a transfer of a license to a new location by the Baltimore City Court, claiming that there is a variance on the same question of law between the decision of that Court and an earlier City Court decision. The Board and the holder of the license ask us to dismiss the appeal because the earlier decision was not included in the record and, in the alternative, because there is no variance between that decision and the decision appealed from.

Code, 1957, Art. 2B, Sec. 175 (f), provides that the decision of the lower court in an appeal from the Liquor Board is final, and an appeal to this Court is permitted only "* * * if any judge of the circuit court of any county, or the Baltimore City Court, shall in any case finally decide a point of law at variance with any decision previously rendered by any other judge of the State on the same question * * *." In

*Suttleman v. Board of Liquor License Commissioners,* 209 Md. 134, 137, the appellants included the earlier opinion on which they relied in their brief in an effort to have it considered here. We dismissed the appeal in the *Suttleman* case on the finding that there was no variance between the two opinions as claimed, and in the course of the opinion said: "The omission from the record of a copy of any allegedly conflicting decision is alone enough to call for the dismissal of an appeal. The existence of a conflicting opinion on a question of law is essential to the right of appeal, and such a basis for an appeal should be shown in the record."

In the case before us, just as in the *Suttleman* case, the earlier opinion is not in the record, although the appellants included it in their brief. They did not properly establish the grounds of variance on which they rely and the motion to dismiss must be granted.

Even if the earlier decision had appeared in the record, the appeals would have to be dismissed because in this case Judge Mason did not decide a point of law at variance with a decision previously rendered by Judge Manley on the same question, as appellants claim. In 1955 Judge Manley, in the case of *DeAngelis v. Board of Liquor License Commissioners, Daily Record,* July 26, 1955, considered the practice of the Board at that time of issuing licenses authorizing sales only to white or only to colored patrons in the licensed premises, and the validity of its rule prohibiting sales to members of the race to whom the restricted license did not extend. Judge Manley held that the rule was unconstitutional because it amounted to discrimination by the State on the basis of race. He expressed the view, however, that "* * * the effect of the decision is that the petitioner has the right to determine for himself whether he desires to sell exclusively to colored patrons, exclusively to white patrons, or to a mixed patronage of white and colored. The decision should not be construed as conferring any right on white persons to be served in taverns where the licensee limits *his* customers to colored trade. Nor does it confer any right on colored people to be served in taverns where the licensee limits his customers to white trade."

In the instant case the Board considered the testimony of the license holder, who was serving only colored patrons, that he proposed to continue the same practice at the new location because "eighty per cent of the colored people cannot be served up there within nine blocks west and one and a half miles east, and when I move away from Park Avenue it will be about one mile south", and concluded that the "existing alcoholic beverage outlets in the map area will not accommodate those persons residing in the area who have requested the Board to approve this application" and that "the transferring of this license is necessary for public convenience and accommodation"; and further, "that the establishment if operated according to the rules and regulations of this Board will not unduly disturb the residents of the area." Judge Mason, in his brief opinion, found that the decision of the Board should be sustained because "There is nothing in the record which would indicate that the decision was against the public's interest, was not honestly and fairly exercised, or that such decision was arbitrary, procured by fraud, or unsupported by any substantial evidence, or was unreasonable, was beyond the powers of the Board, and was illegal. There is no reason why the Court should attempt to substitute its reasoning for that of the Board * * *." Clearly, there is no conflict between Judge Mason's decision and that of Judge Manley. In *Gianforte v. License Commissioners,* 190 Md. 492, this Court said that before there can be a review here under the limitations of the alcoholic beverage appeals statute, there must be such a well defined conflict that the decision in one case would operate to overrule the other if rendered by the same court. We think it plain that Judge Mason's decisions were in accord with the reasoning and result of Judge Manley's, and that in no sense could it be said to conflict with it, much less, in effect, to overrule it.

*Appeals dismissed, with costs.*