## CROWTHER, INC. *v.* JOHNSON ET AL.

[No. 213, September Term, 1960.]

*Decided May 17, 1961.*

The cause was argued before BRUNE, C. J., and PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

*Saunders M. Almond, Jr.* and *Harris James George,* for appellant.

*W. Giles Parker* and *Edward C. Mackie,* for appellees.

MARBURY, J., delivered the opinion of the Court.

This is an appeal from the order of the Circuit Court for Baltimore County sustaining the action of the County Board of Appeals for Baltimore County denying the petition of Crowther, Inc., a Maryland corporation, for a special exception to operate a trailer park upon land zoned M. L. (Manufacturing, Light).

The property involved contains 12.7 acres and is located near Timonium, in the Eighth Election District of Baltimore County. It is bounded on the north by a drive-in theatre (a non-conforming use) fronting on Green Spring Drive, on the east by the southerly end of Green Spring Drive, on the south by a residential development, and on the west by a residential development. The M. L. zone runs along both sides of Green Spring Drive and ends on the south and west boundaries of the subject property, Green Spring Drive forming a *cul de sac* after running along the Crowther property for a short distance. There are several industrial uses in this zone in the immediate vicinity to the north of the property in question. To the south and west of the Crowther property there is a residential zone.

Crowther, Inc. filed a petition with the Zoning Commissioner of Baltimore County for a special exception as provided for in the Baltimore County Zoning Regulations (1955) § 253.5 and § 502.1 which set out the requisites to be complied with before a special exception is granted. § 502.1 provides as follows:

> "Before any Special Exception shall be granted, it must appear that the use for which the Special Exception is requested will not:
> a. Be detrimental to the health, safety, or general welfare of the locality involved;
> b. Tend to create congestion in roads, streets or alleys therein;

c. Create a potential hazard from fire, panic or other dangers;

d. Tend to overcrowd land and cause undue concentration of population;

e. Interfere with adequate provisions for schools, parks, water, sewerage, transportation or other public requirements, conveniences, or improvements;

f. Interfere with adequate light and air."

A public hearing was held before the Zoning Commissioner, who subsequently passed an order granting the special exception upon the condition that a fence six feet in height and similar to an Anchor Link Fence be erected on the southern and southeastern boundaries of the property, and upon the further conditions that the complete plans for the trailer park meet the requirements of § 414 of the Zoning Regulations and be submitted for approval to the Baltimore County Office of Planning. The Commissioner held that the petitioner had proven the items in § 502.1, including the fact that the proposed use would in no way be "detrimental to the health, safety, or general welfare of the locality * * *."

An appeal was taken from this order to the County Board of Zoning Appeals of Baltimore County, which held a hearing *de novo*. Board members Spiro T. Agnew and Charles Steinback, Jr. filed a majority opinion and order pursuant thereto denying the special exception, holding that the use applied for "could easily constitute a hazard to the health of the locality" and would be detrimental to the general welfare of the neighborhood. It did, however, find that the other requirements of § 502.1 had been met by the petitioner. Daniel W. Hubers, the third member of the board, filed a separate concurring opinion which stated that the proposed use would violate practically all the provisions of § 502.1. On appeal to the Circuit Court for Baltimore County the trial court rejected the finding of the board that the granting of the special exception would be detrimental to the health of the locality but sustained the ruling of the board on the ground that the use would be detrimental to the general welfare of the locality because the trailer park would present, as found by the board,

(1) "an inexcusable departure from the comprehensive plan for the area, resulting in an irreparable rupture in the integrity of the industrial neighborhood", and (2) would adversely affect the property values of both the industries and the residences within its environs.

The appellant's first contention is that the trial court erred when it held that the board is acting in a quasi-legislative capacity when it decides cases involving special exceptions, and hence the court confined itself to a too narrow scope of review in this case. In this case we feel it makes no real difference whether the board's action is considered as quasi-judicial or quasi-legislative for even under the broader scope of review claimed as to quasi-judicial action, we think that there was sufficient evidence to sustain the board's conclusion.

The general rule is that in reviewing the action of zoning boards a court will not substitute its judgment for the judgment of the board unless its action is shown to be arbitrary, capricious or illegal. *Dorsey Enterprises, Inc. v. Shpak*, 219 Md. 16, 147 A. 2d 853; *Gilmor v. Mayor and City Council*, 205 Md. 557, 109 A. 2d 739; *Montgomery Co. v. Merlands Club*, 202 Md. 279, 96 A. 2d 261; *Md. Adv. Co. v. Mayor & C. C. of Baltimore*, 199 Md. 214, 86 A. 2d 169; *Mayor & C. C. of Baltimore v. Biermann*, 187 Md. 514, 50 A. 2d 804. But if the questions involved are fairly debatable and the facts presented are sufficient to support the board's decision it must be upheld. *Dorsey Enterprises v. Shpak, supra; Erdman v. Board of Zoning Appeals*, 212 Md. 288, 129 A. 2d 124; *Wakefield v. Kraft*, 202 Md. 136, 96 A. 2d 27. Moreover, conditions upon which a special exception may be granted are set out in the ordinance, and the board is given a wide latitude of discretion in passing upon special exceptions so long as the resulting use is in harmony with the general purpose and intent of the zoning plan and will not adversely affect the use of neighboring properties and the general plan of the neighborhood as provided by the zoning ordinance. *Oursler v. Board of Zoning Appeals*, 204 Md. 397, 104 A. 2d 568; *Dorsey Enterprises v. Shpak, supra; Erdman v. Board of Zoning Appeals, supra, Montgomery Co. v. Merlands Club, supra.*

In applying the aforesaid principles to the instant case we find that the Zoning Board denied the petition of the appellant upon two grounds:

(a) the proposed trailer park would constitute a hazard to the health of the locality; and

(b) it would be detrimental to the general welfare of the community.

As to the first ground, the lower court found that the board was in error. The appellant asks for an affirmance of the trial court's findings on this point. We agree, as the trial court ruled, that the health threat could not in itself preclude the appellant from acquiring the special permit. The zoning regulations in such case require prior approval of the Baltimore County Health Department before a special permit is issued. They also subject the trailer park to all the rules and regulations of that Department. Thus any problem arising from the trailer park so as to constitute a health hazard could be easily alleviated and controlled by the Health Department authorities. *Montgomery Co. v. Merlands Club, supra.*

As to the ground that the said trailer park would be detrimental to the general welfare of the locality, the finding is predicated upon two factors: (a) a trailer park will present "an inexcusable departure from the comprehensive plan for the area, resulting in an irreparable rupture in the integrity of the industrial neighborhood", and (b) a trailer park would adversely affect the property values of both the industries and the residences within its environs. As to the first factor, that the trailer park would not be in compliance with the comprehensive plan of the community, the testimony of Mr. George C. Gavrelis, Deputy Director of Planning for Baltimore County, reflects the opinion of several other representatives of industry who live in the locality of Green Spring Drive, and who also testified to the effect that the trailer park would be harmful in the proposed location because the entire area under consideration was a planned industrial site. Mr. William Nichols, testifying as an expert on industrial and residential realty, said that there was a "definite pattern or trend" of industrial development along Green Spring Drive, and that this industrial site was "badly needed", and that it should be

used entirely "as such". James S. Campbell, a resident of the area and chairman of the Baltimore County Industrial Committee, Towson Town Association, also testifying as an expert, expressed concern that the granting of the special exception would be out of step with the comprehensive zoning plan.

As to the second factor, the record discloses substantial testimony of local residents and manufacturers' representatives as to depreciation of the nearby properties, both residential and industrial, if the special exception is granted. Mr. Nichols, who was presented as a disinterested witness experienced as an appraiser, testified that the proposed trailer park would depreciate the value of both industrial and residential property.

In view of the above evidence this Court finds that there was sufficient basis to support the board's denial of the special exception on the ground that it would be detrimental to the general welfare of the community, (a) because it would be inconsistent with the continued development of a planned and existing, though only partly developed, manufacturing area needed for such purposes in this particular locality for the development of a large area in accordance with a comprehensive plan, and (b) because it would adversely affect property values in the vicinity. *Dorsey Enterprises v. Shpak, supra; Erdman v. Board of Zoning Appeals, supra; Oursler v. Board of Zoning Appeals, supra; Montgomery Co. v. Merlands Club, supra.*

> *Order affirmed, appellant to pay costs.*