# BROUILLETT, ET AL. *v.* EUDOWOOD SHOP-PING PLAZA INC., ET AL.

[No. 215, September Term, 1967.]

*Decided May 2, 1968.*

The cause was argued before HORNEY, MARBURY, BARNES, McWILLIAMS and SINGLEY, JJ.

*Richard C. Murray* for appellants.

*Philip O. Foard* and *Samuel D. Hill,* with whom were *George W. White, Jr., Buckmaster, White, Mindel & Clarke,* and *Eugene G. Ricks* on the brief, for appellees.

MARBURY, J., delivered the opinion of the Court.

This case concerns a petition for a special exception filed by the appellees, Eudowood Shopping Plaza, Inc. (as legal owner) and the J. C. Corporation (as lessee contingent on zoning), to the zoning commissioner of Baltimore County. The petition requested a special exception to allow the erection and operation of a self-service car wash on a part of what is now the parking lot of the Eudowood Shopping Plaza. The deputy zoning commissioner had originally granted the special exception but the County Board of Appeals denied the appellees' request, finding that it would "be detrimental to the health, safety, and general welfare of the locality involved." An appeal was taken to the Circuit Court for Baltimore County where Judge Barrett reversed the Board, holding that its decision "was not based on substantial evidence." All of the appellants appeared as protestants before the Board and had answered and argued the appeal to the Circuit Court. All are residents of the immediate neighborhood and a subdivision known as Fellowship Forest.

The proposed car wash is described as a building 30 feet wide, 171 feet 10 inches long and 24 feet high, to be built of cinder block with steel sidings and roof. The proposed building would be fully enclosed and the actual washing will be in ten bays which could be entered from the parking area in front of the building, which is of sufficient size to hold forty automobiles.

The building was to be situated on a 120 feet by 200 feet area near the southwest corner of the shopping center parking lot, at the intersection of Putty Hill Road and Goucher Boulevard, in the Towson area of Baltimore County. Immediately adjacent to the shopping center are: a tract to the north and west being developed for apartments; a tract south of Putty Hill Road and west of Goucher Boulevard known as the Fellowship Forest Apartments; Calvert Hall High School to the south; to the east

are dwellings zoned as group houses and to the north of that is a parking lot, zoned industrial.

The shopping center property is now zoned Business-Local and was given this classification on the comprehensive zoning map of 1955. Under this classification a car wash is a permitted use only if it is authorized by the granting of a special exception. The proposed business would be operated on a twenty-four hour, seven day a week basis and would be unattended from 5:30 p.m. until 9:00 a.m. At the hearing before the Board there was testimony from Ira James Alligood, a witness for the appellees, who owned three similar businesses in York, Pennsylvania, that such an operation would not be feasible unless carried out on the above basis. He also testified that ten to fifteen per cent of the business was done between 10:00 p.m. and 8:00 a.m. while the operation was unattended. He further testified that "Sunday morning, from 8:00 a.m. to noon, it is full if the weather is clear * * *. So that is one of the maximum periods."

The real party in interest is the J. C. Corporation which had, at the time of the hearing, negotiated a lease for the subject property with the Eudowood Shopping Plaza, Inc., the lease to be contingent on obtaining the special exception. The J. C. Corporation was organized for the specific purpose of operating the proposed car wash and fifty per cent of its capital stock is owned by Mr. Chris William George, who operated a car rental agency and who has no experience with a car wash operation.

One of the questions presented to us is whether the Board's decision was based on substantial evidence produced before it. We believe that it was and that the evidence presented for the Board's determination a question which was fairly debatable. Consequently, the Circuit Court was in error and should have permitted the decision of the Board to stand. The zoning authority is presumed to possess the expertise necessary for deciding the matters brought before it and if its decision is based on substantial evidence then the courts may not substitute their judgment for that of the zoning authority. As we stated in *Crowther, Inc. v. Johnson,* 225 Md. 379, 383, 170 A. 2d 768:

> "* * *, conditions upon which a special exception may be granted are set out in the ordinance, and the board

is given a wide latitude of discretion in passing upon special exceptions so long as the resulting use is in harmony with the general purpose and intent of the zoning plan and will not adversely affect the use of neighboring properties and the general plan of the neighborhood as provided by the zoning ordinance. *Oursler v. Board of Zoning Appeals*, 204 Md. 397, 104 A. 2d 568; *Dorsey Enterprises v. Shpak, supra* [219 Md. 16, 147 A. 2d 853]; *Erdman v. Board of Zoning Appeals, supra* [212 Md. 288, 129 A. 2d 124]; *Montgomery Co. v. Merlands Club, supra* [202 Md. 279, 96 A. 2d 261]."

In the present case the Board had before it the following evidence on which it could have relied to reach the result that it did:

"(a) That the proposed use would be clearly visible to a residential area with home values of $45,000.00 and more.

(b) The use will be conducted by one who is unfamiliar with the business.

(c) No studies or surveys have been made to determine the amount of business anticipated.

(d) Residents of the area testified to other car wash facilities in the general area, pointing out a lack of need for a self-service facility in the immediate neighborhood.

(e) The plan as presented was inadequate, particularly as to screening, lighting and the organization of parking aisles.

(f) The impact of such a use on public utilities is 'unknown.'

(g) No information was furnished as to the number and type of signs to be erected advertising the use.

(h) This type of car wash 'is rather a rare thing' in this portion of the county.

(i) The Director of planning, the sole expert called by the Appellees, was unable to state if this type

of operation would or would not adversely affect the neighborhood.

(j) Five outside light standards were proposed, but no one had any idea as to their type, height, wattage or illumination.

(k) Business will continue throughout the night every night (Sunday included) with possibly fifteen per cent of the total business being done between 10:00 p.m. and 8:00 a.m.

(l) Despite the around-the-clock operation, no attendant will be furnished after 5:30 p.m. or before 9:00 a.m.

(m) The busiest periods will be on weekends.

(n) On Sunday mornings the car wash is expected to be full. It is one of the 'maximum periods.'

(o) Unless the Appellees can operate seven days a week, 24 hours a day the use is not economically feasible."

These items of evidence taken cumulatively gave the Board legally sufficient grounds for denying the special exception.

A further reason in support of the Board's action in denying the special exception was the appellees' failure to adduce sufficient evidence that the requested use would not "be detrimental to the health, safety or general welfare of the locality involved." In a hearing for a special exception where the requested use is permitted under the existing zoning classification the applicant need only show that the use is consistent with the existing .classification and that it would not be adverse to the welfare of the neighborhood. In the case of *Oursler v. Bd. of Zoning Appeals,* 204 Md. 397, 402, 104 A. 2d 568, where the application was for a special exception permitting a restaurant in Baltimore County, we said:

"* * * in Baltimore County, where restaurants are *prima facie* permissible in residential zones, an applicant for a permit to conduct a restaurant in a residential zone is not required to show that denial of a permit would result in 'practical difficulty, or unnecessary or unreasonable hardship,' as in the case of a vari-

ance, but must show only that the exception would be in harmony with the zoning plan and would not be detrimental to the welfare of the neighborhood."

*Accord, County Commissioners v. Luria,* 249 Md. 1, 238 A. 2d 108; *Montgomery Co. v. Merlands Club, supra.* In the instant case the appellees did not show that the proposed use would be in conformity with the zoning regulation, *i.e.,* that it would not "be detrimental to the health, safety or general welfare of the locality involved." Baltimore County Zoning Regulations, Sec. 502.1 a.

Their only expert to testify on this aspect of the case, Mr. George E. Gavrelis, Director of Planning, who had studied the proposed site plan, stated in answer to a question as to the effect of the car wash on the community, that "this kind of car wash, at least in this portion of the county, is a rather rare thing, and I don't have any personal experience on which to form a judgment. I don't really know." This being the only testimony on this subject the Board was justified in finding, as it did, that the application should be denied. Under the facts of the case before us the action taken by the Board of Zoning Appeals was justified.

> *Order reversed and order of Board*
> *of Zoning Appeals reinstated;*
> *costs to be paid by appellees.*