B.P. OIL, INC. *v.* COUNTY BOARD OF APPEALS FOR
MONTGOMERY COUNTY, MARYLAND

[No. 676, September Term, 1978.]

*Decided June 7, 1979.*

The cause was argued before MOYLAN, MASON and
MACDANIEL, JJ.

*Robert H. Metz,* with whom were *David D. Freishtat* and
*Linowes & Blocher* on the brief, for appellant.

*Carole A. Jeffries, Assistant County Attorney* for
Montgomery County, with whom were *Richard S. McKernon,
County Attorney* and *Robert G. Tobin, Jr., Deputy County
Attorney,* on the brief, for appellee.

MOYLAN, J., delivered the opinion of the Court.

The case is one of zoning. The zone in question, situate in
Montgomery County just northeast of Rockville, is I-2 (heavy

and light industrial). In such a zone, a filling station is permitted by way of special exception. B.P. Oil, Inc., (B.P.), Appellant, applied for such an exception. It was denied by the Appellee, the County Board of Appeals (the Board). B.P. appealed the decision to the Circuit Court for Montgomery County. In that court, Judge Joseph M. Mathias affirmed the decision of the Board. From that affirmance, the present appeal to us is noted.

The function of a zoning board is to exercise discretion (the discretion of experts in their particular field) in deciding matters brought before it. *Heath v. Mayor and City Council of Baltimore,* 187 Md. 296, 49 A. 2d 799, 804 (1946). A reviewing court, at either the circuit level or the appellate level, will not substitute its judgment for that of the board when the board is acting in its discretionary range. The granting or denying of a special exception will be affirmed unless the action of the board is shown to be arbitrary, capricious or illegal. *Marino v. City of Baltimore,* 215 Md. 206, 137 A. 2d 198, 205 (1957); *Brouillett v. Eudowood Shopping Plaza, Inc.,* 249 Md. 606, 241 A. 2d 404, 405 (1968); *Crowther, Inc. v. Johnson,* 225 Md. 379, 170 A. 2d 768, 770 (1961).

In phrasing their arguments before us, both B.P. and the Board fail to get a firm handle on the allocation of the burdens of proof — both the production burden and the persuasion burden. B.P. particularly fails to distinguish between the quantity and quality of evidence which is legally sufficient to permit a result and that which is so clear, decisive and indisputable as to compel a result.

To obtain the special exception, B.P. was obliged to satisfy the Board in three respects. Under Section 59-123 of the *Montgomery County Code,* it was required to persuade the Board as to the existence of seven affirmative criteria. Section 59-123 (a) places the burden of proof squarely upon the applicant for the exception:

> "A special exception may be granted *when the Board,* or the director, as the case may be, *finds from a preponderance of the evidence* of record that the proposed use: . . ." (Emphasis supplied).

B.P. met its production burden by introducing legally sufficient evidence to satisfy each of the criteria. It went further and met its persuasion burden because the evidence which was legally *sufficient to persuade* actually *did persuade.* The Board found for B.P. in this regard.

B.P. successfully cleared yet a second hurdle. Under Section 59-131 of the *Montgomery County Code,* it was required to persuade the Board that three adverse consequences would not accrue. It met its production burden by introducting legally sufficient evidence *to permit the Board so to find.* It went further and met its persuasion burden *by convincing the Board so to find.*

The Appellant tripped, however, when it came to the third hurdle. Section 59-124 (f) of the *Montgomery County Code* requires the finding of a special need before a special exception may be granted for an automobile filling station:

> "In addition to the findings required in Sections 59-123 and 59-125 through 59-184, the following special exceptions may be granted when the Board or director, as the case may be, *finds from a preponderance of the evidence of record that for the public convenience and service a need exists for the proposed use for service of the population in the general neighborhood considering the present availability of such uses to the neighborhood."* (Emphasis supplied).

The Board simply was not persuaded by a preponderance of the evidence that a need existed. Was this failure to be persuaded arbitrary, capricious or illegal? Clearly not.

B.P. appropriately looks to *American Oil Co. v. Board of Appeals of Montgomery County,* 270 Md. 301, 310 A. 2d 796 (1973) as it sets out six criteria for a zoning body to use in evaluating the need for an automobile filling station. B.P. then details minutely how it offered evidence as to each of these six criteria. What is thereby established, however, is beside the point. All that B.P. succeeds in demonstrating is that if the Board had been persuaded in its discretion to grant the special exception requested, the decision of the Board in

that regard would have been legally unassailable. B.P.'s evidence was legally sufficient to generate a fairly debatable question as to need. Had the Board gone B.P.'s way, such action by the Board would not have been arbitrary, capricious or illegal. To say that upon these facts the Board would have been permitted to find for B.P. is not to say that it was compelled to find for B.P.

B.P. refers to its evidence on need as "unrefuted." As a matter of fact, the opponents did offer "refuting" testimony but that was not a *sine qua non* of B.P.'s failure. B.P. bore the risk of nonpersuasion; the opponents did not bear a corresponding risk of nondissuasion.

B.P. seeks precedential solace in *Erdman v. Board of Zoning Appeals of Balto. Co.,* 212 Md. 288, 294, 129 A. 2d 124 (1957); *Prince George's Co. v. Lightman,* 251 Md. 86, 246 A. 2d 261 (1968) and *Redden v. Montgomery County,* 270 Md. 668, 313 A. 2d 481, 490-491 (1974) for the proposition that an action by a zoning board is arbitrary, capricious or illegal "where the record is barren of supporting facts." B.P. has turned the case law upon its head, however, for it is looking to cases where the *special exception was granted and where the appeal is by the protestants* from an affirmative zoning act. What cannot be barren is the record made in such a case by a proponent of change to sustain an affirmative zoning action. The proponent always has the burden of proof (pertinently, here, the production burden) and must introduce enough evidence to generate a fairly debatable question in order to sustain a zoning decision in his favor.

The thrust of these principles cannot, however, be reversed and turned upon a negative decision *where a board is not persuaded to act.* They do not impose upon an opponent of zoning change some corresponding burden to generate a fairly debatable doubt. By a sleight-of-hand, B.P. flashes the legitimate burden upon a proponent to sustain an action and tries to palm it off as a transferred burden upon the opponent to sustain a non-action. Though it may work with rabbits, the sleight-of-hand won't work with the allocation of the burden of proof.

Where B.P. seeks, as here, to say that the Board was

compelled, as a matter of law, to rule in its favor, B.P. assumes not merely the lesser burden of generating a fairly debatable issue so as to permit a ruling in its favor but the significantly greater burden of actually dispelling fair debate by proof so clear and decisive as legally to compel a ruling in its favor. In this case, B.P.'s own evidence, though adequate, was equivocal. Its own market survey showed some public support for its proposed facility but no strong or unambiguous cry for such services. The evidence as to what was the appropriate neighborhood was also ambiguous at best — one version arguably showing need; the other, significantly dispelling it. The need was, in short, fairly debatable.

There is frequently such a middle ground wherein it is neither arbitrary, capricious or illegal to say, "Yes," nor arbitrary, capricious or illegal to say, "No." The decision here was in that discretionary range of the Board and was not compelled either way as a matter of law. B.P. amply met its burden of production. It did not, however, meet its burden of persuasion for the obvious reason that it failed to persuade those whom it needed to persuade. It lost a fair judgment call and from that, there can be no successful appeal.

Those who would use precedent carefully must learn to distinguish between that minimal quantity of evidence permitting fair debate, looking in one direction, and the massively greater quantity and quality of evidence necessary to foreclose fair debate, looking in the other direction.

*Judgment affirmed; costs to be paid by appellant.*