WILLIAM JABINE, II ET AL. *v.* ROY PRIOLA,
GUISEPPE PRIOLA AND CHARLES L.
CRANE, JR. K/A VILLA ROMANA
ITALIAN RESTAURANT, No. 2,
INC., ETC.

[No. 682, September Term, 1979.]

*Decided April 10, 1980.*

The cause was argued before MOORE, MELVIN and COUCH, JJ.

*Richard G. Anderson, Assistant City Attorney for the City of Annapolis,* with whom were *Eugene M. Lerner, City Attorney,* and *Richard T. Wright, Assistant City Attorney,* on the brief, for appellant Mayor and Aldermen of the City of Annapolis. Submitted on brief by *John R. Warren* for other appellants.

**Steven R. Migdal,** with whom were *Manis, Wilkinson & Snider, Chartered* on the brief, for appellees.

MOORE, J., delivered the opinion of the Court.

Roy Priola, Guiseppe Priola, and Charles L. Crane, Jr. (Priolas), operate the Villa Romana Italian Restaurant No. 2, Inc., a dining establishment in the heart of the City of Annapolis. Feeling that their business would be enhanced by the sale of beer and wine on the premises, they applied for a Class B "Beer and Light Wine License" and the requisite conditional use zoning permit.[1]

---

1. The restaurant is located in a C2 (Conservation Business District) zone. At the time, in early 1978, a restaurant was a permitted use in a C2

A public hearing was held on both applications before the Mayor and Aldermen of the City of Annapolis on April 17, 1978.[2] The Priolas testified in support of their applications, and thirteen other individuals in the audience registered their approval. Eight citizens testified in opposition and another twenty-two registered their disapproval on the record. A decision was reached by the Mayor and Aldermen on May 8, 1978. In their capacity as the Board of Liquor License Commissioners for the City of Annapolis, they denied the application for the beer and wine license. As the City's zoning authority, they denied the conditional use application.[3] Each decision was appealed by the Priolas to the Circuit Court for Anne Arundel County on June 7, 1978.

Following the docketing of the appeal, the Priolas moved to have the two cases consolidated. Intervention in the cases as consolidated was sought by William Jabine, II, Mrs. William P. Stevens, and the City. On August 8, 1978, the circuit court (Thieme, J.) granted the motions to intervene and further ordered the City to "file its Answer or other responsive pleading . . . on or before thirty (30) days from the date of this Order."

After some procedural skirmishing, which shall be discussed *infra,* a hearing on the merits of the Priolas' appeal was held on February 8, 1979 before the Honorable Thomas J. Curley, Associate Judge of the District Court of Maryland,

zone; however, the sale of alcoholic beverages in a C2 zone required not only the appropriate liquor license but also a conditional use permit. We are informed that presently all restaurants are now conditional uses in a C2 zone by recent amendment to the City Code. *Annapolis City Code* § 22-175 (i) (1969, as amended.)

**2.** In Annapolis, the "mayor, counsellor, and aldermen" are designated to act as the Board of Liquor License Commissioners for the City; the corresponding Anne Arundel County Board is without jurisdiction in the city. Md. Ann. Code, art. 2B, § 152 (1976).

The Mayor and Aldermen, as the local legislative body, also possess the zoning authority in the city as delegated to them by the General Assembly. Md. Ann. Code, art. 66B, § 4.01 (1978).

**3.** In a report to the Mayor and Aldermen, dated April 14, 1978, the Annapolis Planning and Zoning Commission had recommended that the application for a conditional use permit be denied because "there exists a saturation of restaurants serving alcoholic beverages in the downtown area and . . . this problem should not be compounded." The commission also stated that if the permit were granted eight conditions on the use should be imposed by the Mayor and Aldermen.

sitting by designation. On May 9, 1979, Judge Curley reversed both decisions of the Mayor and Aldermen; he ordered them to grant the liquor license to the Priolas subject to certain conditions. By "Supplemental Revisory Memorandum" dated May 17, 1979, he ordered that the Priolas receive a conditional use permit allowing them to use the Class B, "Beer and Light Wine License." From the adverse determination of the circuit court, the City, Mr. Jabine, and Mrs. Stevens noted an appeal to this Court. They contend that the circuit court lost jurisdiction over the liquor license appeal because it did not decide the case or pass an order for extension within the thirty day period required under Md. Ann. Code, art. 2B, § 175 (e) (3) (1976) and that the circuit court erroneously reversed the decision in the conditional use appeal. We are asked to reverse the circuit court and to reinstate the decision of the Mayor and Aldermen.

I

In their brief the Priolas have urged us to dismiss the appeal because:

> 1) This Court has no jurisdiction to hear an appeal in a liquor license proceeding unless the circuit court has finally decided "a point of law at variance with any decision previously rendered by any other judge of the State on the same question . . ." and no such variance exists in this case; and

> 2) None of the intervenors has standing to bring an appeal to this Court in either the liquor license or conditional use zoning cases.

For the reasons that follow, we deny the motion to dismiss, finding that we have jurisdiction and that all intervenors have standing.

A. *The Jurisdiction of this Court to Hear an Appeal Involving a Liquor License Application*

Under the Code, the decision of the circuit court in a liquor

license appeal "shall be final and effective at once." Md. Ann. Code, art. 2B, § 175 (f) (1979 Cum. Supp.).[4] A limited appeal may be brought to this Court to decide a question of law determined below which is at variance with any decision previously rendered by another judge on the same question. *Id.* If the limited appeal is properly before us, we may decide only the question of law at variance, and we are expressly denied authority to pass upon "any question of fact." *Id.*

The alleged variance in the instant appeal stems from a disputed interpretation of Md. Ann. Code, art. 2B, § 175 (e) (3) (1976), which provides:

> "The failure of the court to determine an appeal within a period of 30 days after the record has been filed in court by the local board as above provided, shall constitute an automatic affirmance of the local board's decision, unless the time *has been extended* by the court *for good cause shown.*"

(Emphasis added.) The record in the instant case was filed with the circuit court on July 10, 1978. Thus, in order to preserve its jurisdiction over the liquor license appeal, it was incumbent upon the court to decide the appeal within thirty days or to pass an order within the thirty day period, based on good cause, extending the time for decision. *See Scherr v. Braun,* 211 Md. 553, 128 A.2d 388 (1957); *Pearce v. Board of Liquor License Commissioners,* 228 Md. 515, 180 A.2d 651 (1962).

The City filed a motion to dismiss the liquor license appeal because thirty days had elapsed since the filing of the record

---

4. The complete section reads:
*Finality of appeal.* — The decision of the court thus given shall be final and effective at once. No further appeal shall lie nor shall there be any other remedy by which the local board's decision may be reviewed in court, either by way of mandamus, injunction, certiorari or otherwise. *However, if any judge of the circuit court of any county, or the Baltimore City Court, shall in any case finally decide a point of law at variance with any decision previously rendered by any other judge of the State on the same question, an appeal may be taken from the decision rendered to the Court of Special Appeals. Any such appeal shall not stay the action of the lower court. The Court of Special Appeals shall only decide the question of law involved in such an appeal and shall not pass upon any question of fact.* (Emphasis added.)

without any order for extension having issued. A hearing was held on October 11, 1978, and the circuit court (Williams, J.) subsequently ruled that the "action properly was extended automatically, 'without special order . . .' " by virtue of a court order on August 8, 1978 allowing the City to intervene and affording it thirty days to file an answer.[5] Although the intervenors persistently sought to relitigate the issue in the subsequent proceedings, Judge Williams' decision remained undisturbed as the determinative ruling under § 175 (e) (3).[6]

The appellants-intervenors argue that Judge Williams' ruling is at variance with a prior decision by Judge Sachse in the case of *Lederberg v. Mayor of Annapolis,* Law No. C5724 (Cir. Ct. of Anne Arundel County, filed November 15, 1972). In that case, Mr. Lederberg argued that "when the Court asked for briefs and did not decide the case within the thirty days . . . , it was an automatic extension by implication. . . ." Further, he contended:

> "[T]hat when the Court requested the City to submit a brief and took the matter under advisement, the matter was taken under control and was, therefore, privileged to consider the evidence in detail in order to resolve the complex question which in the interest of justice, the Court is privileged to do."

Judge Sachse rejected this argument and held that the failure of the court to act within the stated period deprived it of any further power to proceed in the case. Judge Williams, in the instant case, specifically found that *Lederberg* had applied § 175 (e) (3) "somewhat overbroadly." He concluded that the court's order allowing

5. The City's motion to dismiss was filed on August 28, 1978, which was within the thirty days from August 8th given by the court for the filing of an answer, but subsequent to the statutory thirty day period running from the filing of the record on July 10th.

6. After Judge Williams' decision, Judge Nathaniel W. Hopper denied a motion to dismiss filed by Mr. Jabine and Mrs. Stevens. Judge Curley, in his opinion and order from which this appeal is taken, stated: "This Court declines to reverse Judge Williams and, therefore, again denies the motions to dismiss."

the City to file an answer operated as an indefinite extension of the thirty day period.

We have little difficulty in finding a variance as to a point of law between the decisions.[7] Judge Sachse ruled that no automatic extension was permitted under § 175 (e) (3), while Judge Williams held that the period in the instant case has been "extended automatically. . . ." Therefore, this Court has jurisdiction of the liquor license appeal to decide the point of law at variance. Before proceeding to a consideration of that issue, we will rule upon the Priolas' challenge to the standing of the intervenors.

## B. *The Standing of William Jabine, II and Mrs. William P. Stevens*

The record indicates that Mrs. Stevens sought intervention in the circuit court because of her interest as a neighborhood property owner. Her petition to intervene was not opposed by the Priolas in the circuit court. The order granting intervention stated that Mrs. Stevens resided at 9 Cornhill Street in the City of Annapolis. At no time in these proceedings have the Priolas contradicted this evidence of Mrs. Stevens' property interest. Mr. Jabine did testify during the public hearing. He stated that he was a local property owner, and that he viewed the "beer and wine place" as "being a great detriment to my property. . . ." The evidence of his property ownership was unrefuted.

It is now argued by the Priolas that the "record is absolutely bare as to essential facts necessary to support the appeal of the individual [intervenors]. . . ." In our view, the evidence of record that the individual intervenors were affected property owners was sufficient to give them an interest in the proceedings. Permissive intervention, by

7. It is necessary that the variance be shown in the record in order for an appellant to invoke this Court's jurisdiction under § 175 (f). Here, the opinions of Judge Sachse in *Lederberg* and of Judge Williams' in the instant case are contained in the record, and are printed in the record extract. This is sufficient to satisfy the requirements of § 175 (f). Gianforte v. Bd. of License Comm'rs, 190 Md. 492, 58 A.2d 902 (1948) (copies of conflicting opinions in record properly presents question for appellate review); Scherr v. Braun, 211 Md. 553, 128 A.2d 388 (1957). *See* Suttleman v. Bd. of Liquor License Comm'rs, 209 Md. 134, 120 A.2d 388 (1956); Good Citizens Community Protective Ass'n v. Bd. of Liquor License Comm'rs, 217 Md. 129, 141 A.2d 744 (1958).

virtue of Md. Rule 208 (b), lies within the sound discretion of the circuit court, and on appeal may be reviewed only for an abuse of that discretion. *Maryland Radiological Society, Inc. v. Health Services Cost Review Commission,* 285 Md. 383, 402 A.2d 907 (1979). Mr. Jabine's and Mrs. Stevens' interests as affected property owners affirmatively supports the court's exercise of discretion permitting them to intervene.[8] *Nyburg v. Solmson,* 205 Md. 150, 156-57, 106 A.2d 483, 485-86 (1954); Md. Rule 208 (b). Having correctly acquired the status of parties in the proceedings below, they properly could take any allowable appeal to this Court.[9]

An appeal to this Court is permitted in a liquor license case by virtue of Md. Ann. Code, art. 2B, § 175 (f) (1979 Cum. Supp.) if a variance exists, as we have found, *supra,* that it does. In a zoning case, an appeal to this Court is permitted under Md. Ann. Code, art. 66B, § 4.08 (e) (1978). Neither statutory provision specifically indicates who may appeal. Logically, all those parties *properly* in the case at the circuit court level, by intervention or otherwise, *see* note 8, *supra,* may take an appeal to this Court if the circuit court's decision adversely affects them.[10] Therefore, Mr. Jabine and Mrs. Stevens have standing to appeal.

---

8. Those who may *initiate* an appeal to the circuit court from a decision of the board of liquor license commissioners are limited to "[a]ny licensee or applicant for a license, or any group of not less than ten persons who are residents or real estate owners in the precinct or voting district. . . ." Md. Ann. Code, art. 2B, § 175 (b) (1) (1979 Cum. Supp.). It is apparent from this section that Mr. Jabine and Mrs. Stevens, by themselves, could not have initiated the appeal to the circuit court, but we do not read the section as creating a barrier to their intervention as interested parties in an appeal properly taken by a licensee, applicant, or qualified group of ten persons.

9. We recognize that intervention alone is not sufficient to give a litigant standing to appeal from the circuit court; an interest, adversely affected by the court's decision, must also be shown. Kreatchman v. Ramsburg, 224 Md. 209, 217, 167 A.2d 345, 349 (1961); Brashears v. Lindenbaum, 189 Md. 619, 628, 56 A.2d 844, 849 (1948). Mr. Jabine and Mrs. Stevens have demonstrated that interest by virtue of their status as affected property owners.

10. There is dictum in the case of Brashears v. Lindenbaum, *supra,* 189 Md. at 628, 56 A.2d at 849, which can be read to indicate that only the applicant or the requisite group of ten or more property owners may take an appeal to this Court from the circuit court in a liquor license case. However, the Court of Appeals actually dismissed the appeal in *Brashears* because the ten appellants had not intervened in the circuit court and because their interest did not appear on the face of the record. *Id.* at 628-29, 56 A.2d at 849. Moreover, the dictum stemmed from a concession made by

## C. *The Standing of the City of Annapolis*

The Priolas challenge the standing of the City to appeal both the liquor license and conditional use aspects of this case. It is their position that "the City has no right to appeal decisions involving its own prior rulings as either the Board of Liquor License Commissioners or the administrative agency in charge of approving conditional uses."

There is a crucial distinction between the City of Annapolis as a municipal corporation and the Mayor and Aldermen as a local zoning authority and a liquor license board.[11] The Court of Appeals explained the difference in the case of *Mayor of Baltimore v. Borinsky,* 239 Md. 611, 615-16, 212 A.2d 508, 510-11 (1964):

> "The Board is an administrative body which has no official interest in the matters which come before it other than to decide them according to the law and the proved facts. . . .
>
> "The City, however, is clearly a proper party in these proceedings. The zoning ordinance is an exercise of the City's police power. . . . The City has

the parties themselves and not from a holding of the Court of Appeals. In any event, it is our view that Md. Ann. Code, art. 2B, § 175 (f) (1979 Cum. Supp.), and not § 175 (b) (1), controls appeals to this Court.

11. When the liquor license board's decision is appealed to the circuit court "the local board or the local licensing official involved may be represented by some qualified attorney designated for such service by said board or official." Md. Ann. Code, art. 2B, § 175 (e) (2) (1976). The limited right given to the board to participate in the circuit court proceedings does not automatically make the board a party to the appeal; it merely allows the board's views to be presented at the hearing in the circuit court. *See* Bd. of Liquor License Comm'rs. v. Leone, 249 Md. 263, 269, 239 A.2d 82, 86 (1968); Mayor of Annapolis v. Hartge, 38 Md. App. 629, 632, 382 A.2d 345, 347 (1978). Moreover, the statutory provision does not apply to the City which must, in our opinion, intervene in a liquor license appeal in the same manner as any other potential intervenor.

Although the City in its motion to intervene did not clearly recognize the dual capacities served by the Mayor and Aldermen, it sought intervention in both appeals and alleged its interest therein. The motion states, in part:

> "The Mayor and Aldermen of The City of Annapolis is [sic] necessarily and properly interested in and concerned with the proper resolution of said issues and questions and should be allowed to intervene and participate in the appeals, as consolidated."

a legitimate interest in the effectuation of its policies."

This distinction appeared earlier in the leading case of *Board of Zoning Appeals v. McKinney,* 174 Md. 551, 562, 199 A. 540, 545 (1938), wherein the Court of Appeals held that a zoning board had no power to engage in litigation involving its own decisions but also pointed out that: "apart from statute, the general rule is that a *municipality* has the same right to appeal as any other litigant." *Id.* (Emphasis added.)

We believe the distinction between the City *qua* municipal corporation and the Mayor and Aldermen *qua* administrative agency is applicable to both the conditional use and liquor license appeals. Zoning matters and the regulation of alcoholic beverages are encompassed by the City's police power.[12] While the Mayor and Aldermen have no interest sufficient to give them standing in their administrative roles, *Board of Liquor License Commissioners v. Leone,* 249 Md. 263, 239 A.2d 82 (1968); *Board of Zoning Appeals v. McKinney, supra,* 174 Md. at 562, 199 A. at 545, the same considerations do not apply to the standing of the City as a municipal corporation.[13]

---

12. *McKinney* recognized the municipal interest in zoning matters by virtue of its police power interest over the subject matter. 174 Md. at 562, 199 A. at 545. *See* Mayor of Baltimore v. Borinsky, *supra,* 239 Md. 616, 212 A.2d at 511. Such considerations apply as well to municipal regulations concerning the sale and use of alcoholic beverages. In maintaining control over the granting of liquor licenses, the City is exercising the police powers delegated to it by the General Assembly. Fowler v. Harris, 174 Md. 398, 402, 200 A. 825, 826 (1938) (alcoholic beverage control is "a police regulation of a trade or occupation in which there is a public interest...."); Benesch v. State, 129 Md. 505, 513-16, 99 A. 702, 705-6 (1916) (liquor regulation is valid exercise of police power). *See also* Mayhue's Super Liquor Store, Inc. v. Meicklejohn, 426 F.2d 142, 147 (5th Cir. 1970) (recognition of validity of police power control over liquor business).

13. During the proceedings below the City attempted to participate both as a municipal corporation and an administrative agency. The City's answers to the Priolas' petitions of appeal refer to "The Mayor and Aldermen of the City of Annapolis, a municipal corporation, in its capacity as the Board of Liquor License Commissioners for the City of Annapolis" and to "The Mayor and Aldermen of the City of Annapolis, a municipal corporation, Intervening Defendant." Additionally, the City's Order for Appeal to this Court provides:

"Please enter an appeal on behalf of The Mayor and The City of Annapolis, *a municipal corporation,* and on behalf of The

Because of its "legitimate interest in the effectuation of its policies" the City was a proper intervenor in the circuit court proceedings, and therefore, it has standing to appeal both cases to this Court in the same manner as the individual intervenors.[14]

## II. *Resolution of the Variance in the Liquor License Appeal*

The variance between the decisions of Judge Sachse and Judge Williams relates to whether or not the statutory thirty day period under Md. Ann. Code, art. 2B, § 175 (e) (3) (1976) is automatically extended merely by a court order permitting a party to intervene and participate in the proceedings. Judge Sachse held that a specific and express order of extension based on a finding of good cause was required under § 175 (e) (3). Judge Williams, on the other hand, felt that the statutory period could be extended without a specific order to that effect.

Mayor and Aldermen of The City of Annapolis, *in its capacity as the Board of Liquor License Commissioners for the City of Annapolis,* Intervening Defendant, to the Court of Special Appeals of Maryland, from the Memorandum Opinion and Order of the Circuit Court for Anne Arundel County, dated May 9, 1979, and from the Supplemental Revisory Memorandum and Order of the Circuit Court for Anne Arundel County, dated May 17, 1979." (Emphasis added.)

As recognized in Mayor of Baltimore v. Borinsky, *supra,* 239 Md. at 615-16, 212 A.2d at 510, the board's attempted participation as a party is clearly without legal authority. However, the City *qua* municipal corporation stands on different legal ground, as we indicate in the text. The City's attempt to participate both as a municipal corporation and an administrative agency does not denigrate the City's legitimate interest as a municipal corporation. Nor is the City's interest affected by the happenstance that the Mayor and Aldermen constitute the governing body of the municipal corporation, the board of liquor license commissioners, and the local zoning authority. This fortuity in no way impairs the City's police power interest sufficient to accord it standing to intervene as a party in the proceedings.

14. Our position here is entirely consistent with our prior case of Mayor of Annapolis v. Hartge, 38 Md. App. 629, 382 A.2d 345 (1978). There, the City attempted to appeal on general jurisdictional grounds without alleging a variance as required by Md. Ann. Code, at 2B § 175 (f) (1979 Cum. Supp.). Moreover, the City never intervened in the circuit court proceedings and thus was not a proper party entitled to appeal. Brashears v. Lindenbaum, 189 Md. 619, 628, 56 A.2d 844, 849 (1948) (normally, intervention by a non-party is an absolute predicate to appeal, unless an adversely affected direct interest is clearly shown on the face of the record).

In the leading case under § 175 (e) (3), Judge Hammond, for the Court of Appeals, spoke of the thirty day period in jurisdictional terms:

> "We think the restriction on the court's right to act after thirty days is not modal but is so interwoven with the special authority granted the court as to be a part of it, a limitation on its powers. We read the statute as if it said in terms to the Courts: 'You have thirty days to decide the appeal — or as much longer as you have, within the thirty days, extended the time. If you fail to act within the stated time, the authority given in the first instance to decide or act in the case is automatically withdrawn and you have no further power whatever in the matter.'"

*Scherr v. Braun,* 211 Md. 553, 566, 128 A.2d 388, 394 (1957). *See also Pearce v. Board of Liquor License Commissioners,* 228 Md. 515, 520-521, 180 A.2d 651, 653-54 (1962). Of course, the narrow question presented here is: what is the precise action that must be taken by the circuit court in order to extend the time and preserve its jurisdiction under § 175 (e) (3)?

The statute provides that an affirmance of the liquor board's decision is automatic after thirty days "unless the time has been extended for good cause shown." It thus appears incumbent upon the parties appealing to the circuit court (the Priolas in the instant case) either to obtain, within thirty days, a decision on the merits or an order, premised upon good cause, extending the time for review. Indeed, this is the procedure that the Court of Appeals envisioned back in 1957:

> "For good cause shown, any judge of the court to which the appeal has been taken may extend the time for the determination of the case. In this way, the court has full control of the matter. It can meet any practicality that may arise. True, the *obligation is cast upon the parties* to make sure that the court in due time either decides the case or

> passes the *proper order of extension. Such an order must be passed within a prescribed period or be ineffective.* This is not an unusual requirement."

*Scherr v. Braun, supra,* 211 Md. at 564-65, 128 A.2d at 393. (Emphasis added.) We further note that in both *Scherr* and *Pearce* intervention had been permitted during the thirty day period. *See Scherr v. Braun, supra,* 211 Md. at 558, 128 A.2d at 389; *Pearce v. Board of Liquor License Commissioners, supra,* 228 Md. at 518, 180 A.2d at 652. In both cases it was recognized that the circuit court lost its jurisdiction over the liquor license appeal because an order of extension was not passed during the thirty day period.

In the instant case, no specific order of extension was sought or granted within thirty days of July 10, 1978, the date on which the record was filed with the circuit court. Therefore, by virtue of § 175 (e) (3), the decision of the Board of Liquor License Commissioners for the City of Annapolis denying the Priolas' application was automatically affirmed, and the court should have granted the City's timely motion to dismiss that aspect of the consolidated appeal. We resolve the variance in the point of law in favor of Judge Sachse's view expressed in *Lederberg, supra,* and hold, therefore, that the circuit court erred in the instant case when it denied the City's motion. The judgment of the circuit court granting the liquor license to the Priolas in Law No. D-2702 must be reversed.

### III. *The Merits of the Conditional Use Appeal*

As previously noted, the Priolas were required to obtain both a Class B "Beer and Light Wine License" and a conditional use permit in order to be able to sell beer and wine on the Villa Romana premises. Pursuant to Annapolis City Code, § 22-29 (1969, as amended), the Priolas' application for a conditional use permit was reviewed by the Annapolis Planning and Zoning Commission which recommended that it be denied because of a "saturation of restaurants serving alcoholic beverages in the downtown

area. . . ." In addition, the commission found that the proposed conditional use would "be detrimental to or endanger the public health, safety, morals, convenience, or general welfare;" would "be injurious to the use and enjoyment of other property; . . ." and would "impede the normal and orderly development and improvement of the surrounding property. . . ."

After the April 17, 1978 public hearing during which both the liquor license and conditional use applications were considered, the Mayor and Aldermen agreed with the commission's findings, and further stated that "property values would be depressed as the dispensing of alcoholic beverages would have an adverse effect and impact on the small residential homes nearby," and that the "establishment of the conditional use for alcoholic beverages will subtract from the already established neighborhood and will have, in effect, a devastating impact."

The circuit court in reversing the decision of the Mayor and Aldermen, ruled first that "the sole issue in these consolidated cases is the liquor license." Starting with that premise, the court found that "there was presented no evidence that pinpointed, zeroed in on the issue of the license itself." Finally, the court held the Mayor and Aldermen decision to be "arbitrary and unreasonable" because they reached "conclusions unsupported by competent evidence, hard or soft."

When a decision of a zoning authority is appealed to the circuit court, the authority's decision will be upheld if it is, in the language of our Maryland cases, "fairly debatable." *Sedney v. Lloyd*, 44 Md. App. 633, 410 A.2d 616, 619 (1980). As this Court recently indicated:

> "A reviewing court, at either the circuit level or the appellate level, will not substitute its judgment for that of the board when the board is acting in its discretionary range. The granting or denying of a special exception will be affirmed unless the action of the board is shown to be arbitrary, capricious or illegal."

*B. P. Oil, Inc. v. County Board of Appeals,* 42 Md. App. 576, 577, 401 A.2d 1054, 1055 (1979); *see also McLean v. Soley,* 270 Md. 208, 215-16, 310 A.2d 783, 787-88 (1973).

Our review of the record discloses that the circuit court, sitting as a reviewing court, overstepped its bounds and intruded upon the discretion vested by law in the Mayor and Aldermen of Annapolis. Despite apparent similarities, it is essential that the liquor license and zoning aspects of the case be segregated. They are controlled by different statutory sections,[15] have separate procedural and substantive provisions, and basically serve disparate purposes. That they tended to coalesce in this case does not permit a court, on review, to blur all distinctions whatsoever.

Under the Annapolis City Code, the planning and zoning commission cannot favorably recommend a conditional use unless the use meets the criteria delineated in the ordinance.[16] In the instant case the commission was unable

---

15. The authority and procedure for the issuance of a liquor license is set out in Md. Ann. Code, art. 2B (1976, 1979 Cum. Supp.) and Annapolis City Code, §§ 14-4 to 14-18.1 (1969, as amended). Zoning and all related matters are controlled by Md. Ann. Code, art. 66B (1978, 1979 Cum. Supp.) and Annapolis City Code, §§ 22-1 to 22-245 (1969, as amended).

16. The City Code reads, in part:

"No conditional use shall be recommended by the planning and zoning commission unless such commission shall find that:

(1) The establishment, maintenance or operation of the conditional use will not be detrimental to or endanger the public health, safety, morals, convenience or general welfare.
(2) The conditional use will not be injurious to the use and enjoyment of other property in the immediate vicinity for the purposes already permitted, nor substantially diminish and impair property values within the neighborhood.
(3) The establishment of the conditional use will not impede the normal and orderly development and improvement of the surrounding property for use permitted in the district.
(4) Adequate utilities, access roads, drainage and/or necessary facilities have been or are being provided.
(5) Adequate measures have been or will be taken to provide ingress and egress so designed as to minimize traffic congestion in the public streets.
(6) The conditional use shall, in all other respects, conform to the applicable regulations of the district in which it is located, except as such regulations may, in each instance,

to so find, and accordingly, it recommended against granting the Priolas' conditional use application. The Mayor and Aldermen relied on the commission's recommendation and made similar, but expanded, findings in accordance with the criteria set out in the zoning ordinance. The circuit court, in reviewing those findings, ignored the existing distinctions between liquor license and zoning proceedings. As noted above, our cases make clear that the decisions of a zoning authority are to be judged by the "fairly debatable" rule. It

---

be modified by the mayor and aldermen pursuant to the recommendations of the planning and zoning commission.
(7) In the case of food service establishments, the following additional standards for review shall apply.

The review of the proposed food service operation shall be based upon an analysis of the proposed use's impact in the following problem areas:

*Environmental:*

Noise: Including the noise of the mechanical equipment and of the patrons while on the premises.
Odors: Control of odors from the cooking process and from the storage of garbage.
Trash and litter: The type of trash and garbage the food service operation will generate. The precautions to be taken to prevent littering of the streets.

*Traffic:*

Streets: Adequacy of the street system to handle additional traffic.
Loading/unloading: Off-street loading facilities available and adequate to handle the intensity and the type of trucks needed to service the proposed use. If on-street loading facilities are used, whether such use will impede traffic flow.
Parking: Adequate parking available either on-site or within the area for employees and patrons.

*Neighborhood:*

Hours: The hours of operation are compatible with the surrounding commercial and/or residential neighborhood.
Loitering: The measures the restaurant will employ to discourage loitering. Whether the type of use is compatible with the surrounding commercial and residential neighborhood.

*Adequacy of public facilities:*

Water and sewer: Excess capacity exists and is available

Police: Police coverage is available.

Fire: The fire department has access to the site. Sufficient water pressure for fire-fighting purposes is available and the building meets life safety standards.

*Community need:*

A community need for the use has been established."
Annapolis City Code, § 22-29 (e) (1969, as amended).

is nowhere evident in its decision that the lower court ever evaluated the conditional use appeal under that standard.

In evaluating the Priolas' application, both the planning commission and the Mayor and Aldermen looked at the operation of the restaurant as it then existed, compared to the operation of the restaurant as it would exist with a Class B license. Upon such a review, the Mayor and Aldermen considered the diverse criteria set out in the zoning ordinance for conditional uses, as they were bound to do by the ordinance. They had before them the adverse report of the planning and zoning commission which contained evidence that there was no need in the area for an additional restaurant selling beer and wine. They also were presented with the testimony of the opponents which, while largely directed in opposition to *any* restaurant on the site, also served to provide a basis for the finding that a busier restaurant, *i.e.*, one attracting greater numbers of customers because of beer and wine sales, would be detrimental to the surrounding residential community. Of course, the Priolas introduced evidence in support of their application. In sum, there was supporting evidence on each side of the issue, and it was the duty of the Mayor and Aldermen to make the final decision according to that evidence under the standards enunciated in the ordinance.[17]

While the Priolas presented a strong case in favor of the conditional use, we do not believe that their evidence was such as to *compel* the granting of the permit. *Cf. B. P. Oil, Inc. v. County Board of Appeals,* 42 Md. App. at 579-80, 401 A.2d at 1056. There is a distinction between evidence which compels a certain result and that which merely permits it. We believe that the evidence before the Mayor and

---

**17.** The authority of a reviewing court on appeal from a decision of a zoning authority is strictly limited, and the court may not substitute its judgment for that of the zoning authority. Sedney v. Lloyd, 44 Md. App. 633, 410 A.2d 616, 619 (1980). In reviewing the zoning authority's decision, the court must consider all of the evidence in the administrative record. *Id.; see also* Mayor of Annapolis v. Annapolis Waterfront Co., 284 Md. 383, 394-98, 396 A.2d 1080, 1087-89 (1979). The reviewing court's role, however, is confined to determining the legality of the procedure employed and whether the decision was fairly debatable in light of the evidence adduced before the zoning authority. Entzian v. Prince George's County, 32 Md. App. 256, 257-58, 360 A.2d 6, 8 (1976).

Aldermen was of the latter quantity and quality. In support of their decision denying the conditional use application, the Mayor and Aldermen had before them the commission's findings and recommendations,[18] the testimony of the opponents relating to the impact of the restaurant on the neighborhood, and evidence that the restaurant's business volume and impact would increase if the conditional use were permitted. While the Priolas' evidence would certainly have supported the granting of a conditional use, we are reminded of Judge Moylan's words in *B. P. Oil*:

> "There is frequently such a middle ground wherein it is neither arbitrary, capricious or illegal to say, 'Yes,' nor arbitrary, capricious or illegal to say, 'No'. The decision here was ´ in that discretionary range of the Board and was not compelled either way as a matter of law."

*B. P. Oil, Inc. v. County Board of Appeals, supra,* 42 Md. App. at 580, 401 A.2d at 1056. We view the evidence in the instant case in the same light, and therefore, it was error for the circuit court to reverse the decision of the Mayor and Aldermen as a matter of law. *See Zengerle v. Board of County Commissioners,* 262 Md. 1, 17-18, 276 A.2d 646, 654 (1971). *Cf. Anderson v. Sawyer,* 23 Md. App. 612, 625, 329 A.2d 716, 724-25 (1974) (more than a scintilla of evidence is required to make an issue fairly debatable).

> *Judgments reversed; cause remanded to the Circuit Court for Anne Arundel County with instructions to dismiss the appeal in Law No. D-2702 and to affirm the decision of the Mayor and Aldermen of the City of Annapolis in Law No. D-2703; costs to be paid by the appellees.*

---

**18.** According to the City Code, the commission's recommendation "shall be placed in evidence" at the hearing before the Mayor and Aldermen. Annapolis City Code, § 22-29 (f) (1969, as amended).